UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINKLEVOSS CAPITAL FUND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SHREM,<br><br>Defendant. | Case No.<br><br>**EX PARTE APPLICATION TO FILE COMPLAINT AND EX PARTE APPLICATION FOR PREJUDGMENT ATTACHMENT UNDER SEAL**<br><br>**18 CV 8250** |

Plaintiff Winklevoss Capital Fund, LLC ("WCF"), by and through the undersigned counsel, hereby requests leave to file the accompanying Complaint and the related Ex Parte Application for Prejudgment Attachment under seal, with the sealing to be lifted at such time as the Order of Attachment is served on all relevant parties or the Ex Parte Application for Attachment is denied. This request is made to ensure that Defendant Charles Shrem — who is not domiciled in New York — does not secret assets away to frustrate an eventual judgment against him. Given the public notoriety of the principals of WCF as well as Shrem, the commencement of this case is likely to generate immediate media attention. Without the ability to file this action under seal and keep it that way for a limited period of time, WCF legitimately fears that Shrem will immediately take actions to hide his assets.

## I. INTRODUCTION

As more fully explained in the Complaint and Ex Parte Application for Attachment, WCF was defrauded by Shrem in late 2012. At the time, WCF entrusted Shrem with $750,000, with which Shrem promised to buy for WCF bitcoin on its behalf "at the best price." Instead, Shrem

secreted approximately $61,000 for himself and purchased 5,000 bitcoin for his own account, an asset that is worth $31,362,500 as of the close of business yesterday.

In 2014, Shrem plead guilty to felony money laundering charges and charges of operating an unlicensed money transmitting business. *USA v. Faiella, et al.*, S.D.N.Y. Case No. 14-CR-243, Dkt. No. 61 (Rakoff, J.). His plea included a Consent Order of Restitution for $950,000. *Id.* A judgment was entered against him as part of his plea agreement for that amount. A satisfaction of judgment has never been entered in that case, and Plaintiff believes that Shrem never satisfied his judgment to the United States. *See* Decl. of Sam Ferguson in support of Ex Parte App. for Prejudgment Attachment, ¶ 2.

Shrem has demonstrated a long and disturbing history for secreting property and evading his creditors. As more fully alleged in the Ex Parte Application and affidavits in support thereof, Shrem is a sophisticated early adopter of bitcoin, a cryptocurrency which by its nature can be moved almost instantaneously and without detection around the globe. He has misled WCF, the government and the public at large about his assets. He has publicly claimed that he went to prison in 2015 with just $16,000 in assets, yet in the short time since his release in July 2016 he has managed to amass a small fortune of over $4 million in real estate (which he claims represents just 1/3 of his total holdings), two Maseratis and two powerboats.

Plaintiff WCF is the family investment firm of Cameron and Tyler Winklevoss, twin brothers who are most famously known for their high-profile dispute with Mark Zuckerberg over the founding of Facebook. *ConnectU, Inc. v. Facebook, Inc. et al.*, D. Mass. Case No. 07-cv-10593. Any suit between the Winklevoss Twins and Charles Shrem — who has a high-profile within in the Bitcoin space as an early adopter and vocal advocate of the virtual currency — is likely to generate significant press attention. Decl. of Tyler Meade in support of Motion to Seal ¶

2-3. Plaintiff WCF is therefore legitimately concerned that if its Complaint and Ex Parte Application for Attachment are not filed under seal Defendant Shrem will be tipped off to the lawsuit and will be able to secret assets to evade an eventual judgment against him. This will frustrate the very purpose of an ex parte application for attachment.

## II.  ARGUMENT

Under Federal Rule of Civil Procedure 5.2(d), the Court may order that a filing be made under seal. Filing under seal is appropriate in the exceptional circumstances of this case.

WCF seeks attachment ex parte as a means of securing property that the defendant could secret away in advance of WCF's suit. While this suit will be filed in Federal Court, the Federal Rules of Civil Procedure look to substantive law of the states to determine the law of prejudgment attachment. Fed.R.Civ.P. 64. New York law specifically permits filing an attachment application without notice and before service of a summons. N.Y. C.P.L.R. § 6211 ("An order of attachment may be granted without notice, before or after service of summons and at any time prior to judgment[.]") The Practice Commentaries to the New York Code make clear that prejudgment attachment without notice is proper where the plaintiff can show that a defendant may abscond with assets if given "any kind of advance notice of a possible restraint." *See* N.Y. C.P.L.R. § 6210, practice commentaries. Allowing WCF to proceed for a limited time under seal is consistent with the policy objectives underlying New York's ex parte procedure to seek prejudgment attachment, namely not to give the defendant advance warning of attachment. Conversely, denying WCF the ability to file under seal would only frustrate this mechanism by effectively guaranteeing that Defendant Shrem would be provided notice of the impending attachment.

This will not harm defendant Shrem's due process rights; WCF requests that the case remain under seal for only a limited period of time. Indeed, to avoid constitutional concerns, New York Law requires that a plaintiff must move for confirmation of an ex parte order of attachment with notice to the defendant within five or ten days of service of the levy. N.Y. C.P.L.R. § 6211(b). Shrem will therefore have a prompt opportunity to contest an Order of Attachment, if one is granted. The record will remain under seal only until such time as Defendant Shrem and all garnishees holding his assets are served with the order of attachment, or the ex parte application is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff WCF should be permitted to file the attached Complaint and Ex Parte Application for Prejudgment Attachment under seal.

DATED: September 11, 2018         Respectfully submitted,

By: /s/ Tyler Meade

Tyler Meade
THE MEADE FIRM p.c.
California Office:
    12 Funston Ave., Suite A
    San Francisco, CA  94129
New York Office:
    111 Broadway, Suite 2002
    New York, NY  10006
Telephone: (415) 724-9600
tyler@meadefirm.com

Attorneys for Plaintiff