# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINKLEVOSS CAPITAL FUND, LLC, | Case No. |
| Plaintiff, | [PROPOSED] ORDER OF ATTACHMENT |
| v. | **18 CV 8250** |
| CHARLES SHREM, | |
| Defendant. | |

Plaintiff Winklevoss Capital Fund, LLC ("WCF") has filed an Ex Parte Application for Prejudgment Attachment pursuant to Rule 64 of the Federal Rules of Civil Procedure and Section 6211 of the New York Civil Practice Law and Rules. The ex parte application, which seeks attachment of personal property of up to 5,000 bitcoin or its equivalent from Defendant Charles Shrem or any of Shrem's garnishees, including four bitcoin businesses with a presence in New York. The application is supported by the affidavits of Cameron Winklevoss, Matthew Gruchevsky, Tom Robinson, John Mason and Sam Ferguson.

Having reviewed WCF's application, this Court concludes that WCF has met the criteria for prejudgment attachment in that: (1) there exists a valid cause of action for a money judgment in favor of WCF and against Shrem for sums totaling no less than 5,000 bitcoin; (2) WCM has demonstrated a probability that it will succeed on the merits of its claims to recover at least the sum of 5,000 bitcoin; (3) there are sufficient grounds for an order of attachment pursuant to N.Y. C.P.L.R. section 6201 in that Shrem is a citizen of Florida and has evidenced an intent to frustrate the collection efforts of his creditors; and (4) Shrem has no apparent counterclaims against WCF for money damages. This Court grants WCF's application. The amount to be secured by this Order of Attachment is 5,000 bitcoin or its equivalent value, plus any fees and

expenses incurred by the U.S. Marshal's Service in carrying out attachment.

Accordingly, the Court orders as follows:

1. The U.S. Marshal for the Southern District of New York, or any person appointed to act in his place and stead, or Plaintiff's attorneys, shall levy upon, but refrain from taking into actual custody pending further order of this Court, the assets of the Defendant within this jurisdiction and/or intangible assets owned by Charles Shrem at any time before final judgment herein, such as will satisfy the above-mentioned sum of 5,000 bitcoin or its equivalent value in other assets (including but not limited to another virtual currency, fiat currency, stocks, or personal property);

2. Subject to Nos. 4-6 below, Xapo, Inc., Coinbase, Inc., Poloniex, LLC, and Bittrex LLC shall freeze all assets in their possession or custody (including bitcoin, other virtual currency, and/or fiat currency) held entirely or partially in the name of Charles Shrem (a.k.a. Charlie Shrem) or in which Shrem has an interest upon levy of this Order;

3. Subject to Nos. 4-6 below, all other third parties shall freeze 5,000 bitcoin or its equivalent value in (i) other virtual currencies, (ii) fiat currency, or (iii) other personal property in their possession held entirely or partially in the name of Charles Shrem (a.k.a. Charlie Shrem) or in which Shrem has an interest upon levy of this Order, and if any of these entities holds less than the amount specified above, to freeze that amount in its entirety;

4. If any garnishee (including but not limited to Xapo, Coinbase, Poliniex, Bittrex) has more than 5,000 bitcoin in its possession or custody that is subject to this

attachment order, it shall freeze only 5,000 bitcoin and no other assets;

5. If any garnishee has assets in its possession or custody subject to this attachment order that it reasonably believes exceeds the value of 5,000 bitcoin, it shall freeze up to 5,000 bitcoin first, take reasonable steps to freeze no more than 5,000 bitcoin or its equivalent in value, then promptly (within 2 business days) notify Plaintiff's counsel and this Court (in a filing submitted under seal) of the other assets in its possession;

6. In carrying out this attachment order, garnishees shall freeze bitcoin first, fiat currency second, and other virtual currencies third.

7. Neither Shrem nor any other party upon whom this Order has been levied may transfer, spend, or remove from their possession or custody any personal property (including intangible assets such as fiat currency, stocks, bonds, and virtual currencies) belonging to Shrem up to and including the amount of 5,000 bitcoin or its equivalent unless this Court so orders;

8. Within five calendar days of the receipt of the levy of this order, each garnishee shall provide a garnishee's statement filed with this Court (under seal) and served on WCF's counsel (Tyler Meade, The Meade Firm p.c., 111 Broadway, Suite 2002, New York, NY 10006) complying with and addressing all matters specified in N.Y. C.P.L.R. § 6219, including a summary of all personal property (including intangible assets) in the possession or custody of the garnishee that Charlie Shrem owns or in which he has an interest;

9. WCF shall immediately post an undertaking of $10,000, with $1,000 of that amount reserved to pay fees and costs of the U.S. Marshal, if any are incurred or

billed;

10. WCF shall serve a copy of this order on all garnishees through their registered agents for service of process in New York, and also by delivering a copy of this order by other means intended to give prompt notice to garnishees;

11. Within 10 calendar after the first levy of this Order, WCF shall move for an order confirming this order of attachment;

12. WCF shall serve its motion for confirmation of this order on Shrem and each garnishee;

13. If no such motion is made, this order is nullified and all assets frozen pursuant to it shall be released;

14. If any party, including any Garnishee, requires clarification of any aspect of this order or further direction from this Court, they are authorized to submit/file an appropriate pleading under seal;

15. WCF shall serve a copy of all orders and pleadings filed in connection with its prejudgment attachment application on the U.S. Attorney's Office for the Southern District of New York, or any other office of the U.S. Government designated by the U.S. Attorney's Office responsible for collecting funds pursuant to the Consent Order of Restitution entered in *USA v. Faiella, et al.*, S.D.N.Y Case No. 14-CR-243, Dkt. No. 61 (Rakoff, J.); and

16. This order shall be filed under seal.

It is so ordered.


This Court may issue further orders to ensure that the amount attached or frozen pursuant to this order does not exceed 5,000 bitcoin or its equivalent in value. In addition, the Court may adjust the amount of the undertaking once the garnishee's statements are received.

*[signature]*
United States District Judge
10-2-18