UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
WINKLEVOSS CAPITAL FUND, LLC,        :
                                     :
        Plaintiff,                   :
                                     :
        -v-                          :
                                     :
CHARLES SHREM                        :
                                     :
                                     :
        Defendant.                   :
----------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _____

18-cv-8250(JSR)

MEMORANDUM

JED S. RAKOFF, U.S.D.J.

On November 8, 2018, the Court issued a bottom-line order
denying plaintiff's motion to confirm the order of attachment.
Dkt. 52. The reasons for this decision are set forth below.

Under Fed. R. Civ. P. 64, the remedy of attachment is
governed by the law of the state in which the court is located.
In New York, CPLR § 6212 governs the issuance of orders of
attachment, requiring that plaintiffs establish the following by
affidavit or other written evidence: (1) that there is a cause
of action; (2) that it is probable that the plaintiff will
succeed on the merits; (3) that one or more grounds for
attachment provided in CPLR § 6201 exist; and (4) that the
amount demanded from the defendant exceeds all counterclaims
known to the plaintiff. See N.Y. C.P.L.R. § 6212(a); see also
Bank of China, N.Y. Branch v. NBM L.L.C., 192 F. Supp. 2d 183,
186 (S.D.N.Y. 2002) ("plaintiff bears the burden of establishing

1

the grounds for attachment"). Attachment is considered "a
drastic remedy that may unfairly prejudice defendants," and, for
that reason, "New York attachment statutes are construed
strictly against those who seek to invoke the remedy." Plaintiff
Funding Holding, Inc. v. Carrera, No. 17-cv-257, 2017 WL
7411183, at *2 (E.D.N.Y. Feb. 6, 2017).[1] "[S]atisfaction of the
statutory criteria for issuing an order of attachment is not a
guarantee that the court will issue such a relief." TAGC Mgmt.,
LLC v. Lehman, 842 F. Supp. 2d 575, 586 (S.D.N.Y. 2012); see
also Katz Agency, Inc. v. Evening News Ass'n, 514 F. Supp. 423,
429 (S.D.N.Y. 1981) ("In any event, a plaintiff is never
entitled to an attachment as a matter of right."). The decision
to confirm an order of attachment always remains discretionary
with the Court, and New York law instructs that it "be used
sparingly." Katz Agency, 514 F. Supp. at 429; see also Musket
Corp. v. PDVSA Petroleo, S.A., 512 F. Supp. 2d 155, 160
(S.D.N.Y. 2007) ("Such relief is discretionary, and since
attachment is a harsh remedy, the court must exercise care in
its application.").

     With respect to the third statutory criteria - that one or
more grounds for attachment provided in CPLR § 6201 exist -
plaintiff claims that it meets the grounds set forth in CPLR §

---

[1] Unless otherwise indicated, case quotations omit all internal
quotation marks, alterations, footnotes, and citations.

6201(1) and/or § 6201(3). See Ex Parte Application for
Prejudgment Attachment ("Pl. App."), Dkt. 24; Motion to Confirm
Attachment Order, Dkt. 31 (referring the Court to Pl. App. for
plaintiff's arguments as to why attachment is proper). However,
plaintiff has failed to meet its burden to establish that either
of these grounds for attachment applies.

Section 6201(3) provides for attachment where "the
defendant, with the intent to defraud his creditors or frustrate
the enforcement of a judgment that might be rendered in
plaintiff's favor, has assigned, disposed of, encumbered or
secreted property, or removed it from the state or is about to
do any of these acts." N.Y. C.P.L.R. § 6201(3). "In seeking an
attachment pursuant to § 6201(3), fraudulent intent must be
proven, not simply alleged or inferred in the moving papers,"
although it may be proven circumstantially "by proof of certain
objective facts - badges of fraud - that give rise to an
inference of intent to defraud." Nat'l Audubon Soc'y, Inc. v.
Sonopia Corp., No. 09-cv-975, 2009 U.S. Dist. LEXIS 17094, at
*12-*14 (S.D.N.Y. Mar. 6, 2009).

In this regard, plaintiff especially relies on the argument
that defendant's failure to pay in full the forfeiture he owes
the Government, pursuant to his plea agreement in a prior
criminal case, demonstrates an intent to evade creditors. Pl.
App. at 12. However, until last week, the Government had failed

3

to ask the Court to set any schedule for these payments, which
defendant had in fact begun making.[2] Defendant's failure to make
payments that were not yet scheduled does not evince an intent
to evade creditors.

Plaintiff also argues, based on its allegations in the
complaint, that defendant has demonstrated an intent to evade
creditors based on defendant's alleged failure to account for
all of plaintiff's funds. Pl. App. at 11. However, as plaintiff
acknowledges, "having meritorious causes of action is not in and
of itself sufficient to support prejudgment attachment." Reply
in Support of Motion to Confirm Attachment Order ("Pl. Reply"),
Dkt. 49, at 6.[3] And none of the other conduct that plaintiff

---

[2] The schedule has now been set and approved by the Court. See
United States v. Shrem, 14-cr-243, Dkt. 88.
[3] Plaintiff argues that their allegations "closely parallel" those
in two New York state cases where attachment was found
appropriate. Both are distinguishable. Mineola Ford Sales Ltd v.
Rapp, 242 A.D.2d 371 (N.Y. App. Div. 1997) found attachment
warranted where plaintiff had "produced sufficient evidentiary
facts" showing that defendant, plaintiff's employee, had
diverted plaintiff funds to pay her credit card companies and
purchase jewelry and other personal items. Arzu v. Arzu, 190
A.D.2d 87, 91-92 (N.Y. App. Div. 1993) found attachment
warranted where the defendant, acting as a fiduciary for his
son, the plaintiff, had admitted that he used plaintiff's funds
in furtherance of his own business interests without providing
plaintiff any shares in the business. In this case, plaintiff
has made no comparable showing at this point in the litigation.
Plaintiff substantially relies in this regard on the movement of
5,000 bitcoin into defendant's account. But defendant has
produced considerable evidence tending to show that this
transfer is innocent and unrelated to plaintiff's case. See
Affidavit of Charlie Shrem in Support of Opposition to Motion to

4

cites as "badges of fraud" satisfies plaintiff's burden of
establishing fraudulent intent. Plaintiff's imputations that
fraudulent activity and intent explain defendant's financial
success following his release from prison, his decision to move
to Florida, and his decision to continue investing in
cryptocurrency (as he has always done) are, at most,
"allegations raising a suspicion of intent to defraud." Morin v.
Trupin, 738 F. Supp. 98, 105 (S.D.N.Y. 1990) (emphasis added).
Such allegations fall short of the showing required to establish
fraudulent intent sufficient for attachment. See id.
(allegations raising only a suspicion are "not enough");
Plaintiff Funding, 2017 WL 7411183, at *5 ("courts issuing
orders of prejudgment attachment on the basis of CPLR § 6201(3)
usually rely on a plethora of evidence of fraudulent intent")
(emphasis added). Accordingly, plaintiff has failed to satisfy §
6203(3).

Plaintiff similarly fails to make the requisite showing
under § 6201(1). Section 6201(1) provides that ground for
attachment exists when "the defendant is a nondomiciliary
residing without the state, or is a foreign corporation not
qualified to do business in the state." CPLR § 6201(1). It is
"designed to serve two independent purposes: obtaining

Confirm Prejudgment Attachment Order and Accompanying Exhibits,
Opposition to Motion to Confirm Attachment Order, Dkt. 45.

5

jurisdiction over and securing judgments against nondomiciliaries residing without the state." ITC Entm't, Ltd. v. Nelson Film Partners, 714 F.2d 217, 220 (2d Cir. 1983). However, where, as here, jurisdiction has already been established and attachment is sought only as a security, "attachment should issue only upon a showing that drastic action is required for security purposes." Buy This, Inc. v. MCI Worldcom Comms., Inc., 178 F. Supp. 2d 380, 383 (S.D.N.Y. 2001) (emphasis in original). Plaintiff must make "an additional showing that something, whether it is a defendant's financial position or past and present conduct, poses a real risk of the enforcement of a future judgment." Bank of China, 192 F. Supp. at 188.

Plaintiff has not alleged that defendant lacks sufficient assets to satisfy a judgment. To the contrary, plaintiff argues that defendant has experienced a "sudden increase in his personal fortune" directly attributable to his retention of plaintiff's funds. Pl. App. at 12. Plaintiff instead argues that defendant's assets "are largely beyond grasp," as they are in cryptocurrency investments or in a primary residence in Florida, which may be judgment-proof (although, as plaintiff acknowledges, there are exceptions to this rule). Pl. Reply at 4. To the degree that this is an attempt to argue that defendant lacks sufficient assets, it fails. Stating the fact that

6

defendant invests some of his assets in cryptocurrency (which does not make them judgment-proof) or that he owns a home in Florida does not constitute a showing that he lacks sufficient assets. As discussed during oral argument on this motion, defendant has additional assets in real estate investments and conventional bank accounts. See November 8, 2018, Hearing Transcript.

Plaintiff otherwise falls back on the argument that defendant "is likely to hide or dispose of" assets to evade judgment. Pl. Reply at 4. But, as plaintiff concedes, this argument likely "stands or falls" with their arguments under § 6201(3). Pl. App. at 11. Here, the argument falls. Defendant's choice to continue his longstanding investment in cryptocurrency is not in itself evidence of an intent to hide funds, and, for the reasons discussed above, plaintiff's other attempts to raise suspicions of fraudulent intent fail to meet the high bar of plaintiff's required showing.

As plaintiff has failed to meet its burden to show grounds for attachment under CPR § 6201, plaintiff's motion for attachment is denied.

SO ORDERED

Dated:    New York, NY
          November 15, 2018            JED S. RAKOFF, U.S.D.J.

7