UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WINKLEVOSS CAPITAL FUND, LLC,    :        18-cv-8250 (JSR)

        Plaintiff,    :
  v.
                                    :
CHARLES SHREM,
                                    :
        Defendant.
-------------------------------------------------------x

## DEFENDANT CHARLES SHREM'S FED.R.CIV.P. 12(f) MOTION TO STRIKE

                                              BRIAN E. KLEIN
                                              BAKER MARQUART LLP
                                              777 S. Figueroa Street, Suite 2850
                                              Los Angeles, California 90017
                                              Tel: (424) 652-7800
                                              bklein@bakermarquart.com

                                              *Attorneys for Charlie Shrem*

**TABLE OF CONTENTS**

Introduction ........................................................................................................................1

Factual Allegations of the Complaint Relevant to this Motion...................................................1

Legal Standard Applicable to Motion to Strike .........................................................................2

Argument.................................................................................................................................2

    I.   WCF's Various False Allegations Should Be Stricken from the Complaint .................3

Conclusion................................................................................................................................3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Cairns v. Franklin Mint Co.*,
    24 F. Supp. 2d 1013 (C.D. Cal.1998) .................................................................................... 2

*Consumer Solutions Reo, LLC v. Hillery*,
    658 F. Supp. 2d 1002 (N.D. Cal. 2001) ................................................................................ 2

*Ongu v. Chipotle Mexican Grill, Inc.*,
    294 F. Supp. 3d 199 (S.D.N.Y. 2018) ................................................................................... 2

**Other Authorities**

Fed.R.Civ.P. 12(f) ........................................................................................................................... 2

## Introduction

The Court should strike from the Complaint, pursuant to Fed.R.Civ.P. 12(f), certain factual allegations that are now known to be demonstrably false, and are therefore immaterial and impertinent. These allegations center around plaintiff Winklevoss Capital Fund LLC's ("WCF") claim that defendant Charlie Shrem ("Shrem") stole 5,000 bitcoins belonging to WCF which he then transferred to himself on or about December 31, 2012, using a bitcoin address he owned or controlled. (Compl. ¶¶ 2-3, 40, 44.) But that simply did not happen, as WCF well knows, and those allegations are an unnecessary and misleading sideshow at this point. Those allegations should be stricken.

## Factual Allegations of the Complaint Relevant to this Motion

WCF alleges in its Complaint (which it has refused to amend) that, of the $250,000 it sent to Shrem between September and October 2012, Shrem only ever "accounted for approximately $189,000 worth of bitcoin[s] – a $61,000 shortfall that would have purchased 5,000 bitcoin[s] at the time." (*Id*. ¶¶ 2, 35.) WCF therefore claims it has been "deprived of 5,000 bitcoin[s] that it would have received were it not for Shrem's fraud." (*Id*. ¶ 59.)

In support of these erroneous allegations, WCF alleges it hired a forensic accounting firm that has discovered that Shrem transferred 5,000 bitcoins in December 2012 to a bitcoin address purportedly associated with Shrem during this same time period, and that that bitcoin address was subsequently emptied of bitcoin. (*Id.* ¶¶ 40-45.) By WCF's misguided logic, this necessarily means that Shrem used $61,000 of WCF's funds to buy 5,000 bitcoins, and then converted these bitcoins for himself. (*Id*.) WCF, however, has not amended its Complaint to reflect the fact that a third party has now come forward to explain that the 5,000

bitcoins transferred from the address identified in the Complaint belonged to him – and not Shrem nor WCF.

### Legal Standard Applicable to Motion to Strike

"Federal courts have discretion to decide whether to grant a motion to strike." *Ongu v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 221 (S.D.N.Y. 2018). "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Scandalous matters are allegations that unnecessarily reflect on the moral character of an individual . . . ." *Consumer Solutions Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2001). "Immaterial matter is that which has no essential or important relationship to the claims for relief or the defenses being pled. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal.1998).

### Argument

**I.   WCF's Various False Allegations Should Be Stricken from the Complaint**

WCF alleges that it has "discovered that Shrem used the $61,000 to purchase 5,000 bitcoin[s] for himself." (Compl. ¶ 2.) In support of this allegation, WCF states that it has "identified a transaction on the Bitcoin blockchain on December 31, 2012 that records 5,000 bitcoin[s] sent to a Bitcoin address controlled by Shrem," and that "[t]his transaction occurred just weeks after Shrem sent the first tranche of purchased bitcoin to WCF with a shortfall of 5,000 bitcoin[s]." (*Id.*) WCF claims that a blockchain accounting firm it hired found a Bitcoin address associated with Shrem, 1Shremdh9tVop1gxMzJ7baHxp6XX2WWRW, received 5,000 bitcoins in 2012, and that that address no longer has any bitcoins. (*Id.* ¶¶ 40-45.) WCF alleges that the 5,000 bitcoins

2

Shrem transferred through this address is the same "5,000 bitcoin[s] that rightfully belonged to WCF." (*Id*. ¶ 3.)

The allegations are demonstrably false. On September 11, 2018, WCF sought and obtained an attachment based on these same allegations. That attachment order has now been vacated/dissolved. As this Court is aware, a third-party investor, John Doe, after the filing of the Complaint came forward and admitted that the 5,000 bitcoins that Shrem transferred from the address 1Shremdh9tVop1gxMzJ7baHxp6XX2WWRW in 2012 belonged to him, *not* Shrem or WCF, and has submitted documents to this Court to that effect. Shrem has submitted email correspondence with John Doe attesting to the same. (*See* November 5, 2018 Affidavit of Charlie Shrem, Ex. C, ECF Dkt. No. 45-4.)

## Conclusion

Based on the foregoing, the Court should strike paragraphs 2-3, 40, 44 from WCF's Complaint as they contain false, immaterial and impertinent factual allegations.

Dated: November 28, 2018                    Respectfully Submitted,

/s/ Brian E. Klein

Brian E. Klein
Baker Marquart LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Tel.: (424) 652-7800/Fax: (424) 652-7850
E-Mail: bklein@bakermarquart.com