# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINKLEVOSS CAPITAL FUND, LLC | Case No.  18-cv-8250 (JSR) |
| Plaintiffs, | **PLAINTIFF WINKLEVOSS CAPITAL FUND, LLC'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** |
| v. | |
| CHARLIE SHREM, | |
| Defendant. | |

i

## <u>Table of Contents</u>

I.    INTRODUCTION ............................................................................................................1

II.   LEGAL STANDARD ....................................................................................................1

III.  ARGUMENT ..................................................................................................................2

IV.   CONCLUSION ...............................................................................................................5

## **Table of Authorities**

### CASES

*Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 417 (S.D.N.Y. 2012)...............1

*Benham v. Am. Servicing Co.*, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009) ....................2

*Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010)......................................4

*Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1021 (N.D. Cal. 2009) ...........2

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437
   (S.D.N.Y. 2005)......................................................................................................................1

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)...............................1, 2

*Schoolcraft v. City of New York*, 299 F.R.D. 65, 67 (S.D.N.Y. 2014) .........................................2

*Smith v. Washington Post Co.*, 962 F. Supp. 2d 79, 85 (D.D.C. 2013)..........................................1

### RULES

FED. R. CIV. P. 12(f) ...............................................................................................................1, 3

## I.    Introduction

Defendant Charles Shrem's ("Shrem") motion to strike ("Motion") effectively asks this Court to make a factual finding before the case has proceeded to discovery. He argues that evidence submitted with his opposition to Winklevoss Capital Fund's ("WCF") Motion to Confirm Attachment, Dkt No. 45, shows that certain of WCF's allegations in its Complaint are "demonstrably false." But this is not a proper basis for bringing a Rule 12(f) motion. Rather, a Rule 12(f) motion is left for those rare circumstances in which a pleading on its face is redundant, immaterial, impertinent or scandalous. Whether or not allegations in a complaint are true is left for discovery and a hearing on the merits. *See Smith v. Washington Post Co.*, 962 F. Supp. 2d 79, 85 (D.D.C. 2013) ("[P]arties should not use Rule 12(f) to test the legal sufficiency or merits of a claim.") For this reason, Shrem's Motion should be denied.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Immaterial matter is that which has no "essential or important relationship to the claim for relief." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005). Impertinent material consists of statements that "do not pertain to, and are not necessary to resolve, the disputed issues." *Id.* These matters must be judged on the face of the pleadings themselves; only where matters appear on the face of the complaint to be impertinent or immaterial should they be stricken. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). The touchstone of the analysis is whether evidence in support of an allegation would be admissible at trial. *See Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 417 (S.D.N.Y. 2012). Otherwise, a party's opportunity to challenge the sufficiency of the

allegations is a Rule 12(b)(6) motion or to defeat the allegations on the merits. *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1021 (N.D. Cal. 2009).

As such, motions to strike under Rule 12(f) are not viewed favorably. *Schoolcraft v. City of New York*, 299 F.R.D. 65, 67 (S.D.N.Y. 2014); *see also Lipsky*, 551 F.2d at 893 (collecting cases). Indeed, one court has noted that they are "often used as delaying tactics" and should be disfavored given the "limited importance of pleadings in federal practice." *Benham v. Am. Servicing Co.*, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009). The Second Circuit has instructed that courts generally should not "tamper" with pleadings or grant motions to strike unless "there is a strong reason for so doing," and must avoid striking a pleading unless the reason for doing so is apparent from the "sterile field of the pleadings alone." *Lipsky*, 551 F.2d at 893. Critically, Rule 12(f) does not include "falsity" as a ground for striking an allegation. That is the purpose of discovery and the judicial process — a defendant has the opportunity to challenge the veracity of a plaintiff's allegations through the ordinary processes of a lawsuit.

### III.    Argument

Shrem cannot meet the strict standards of Rule 12(f). Shrem's argument is that certain evidence he has entered into the record proves allegations in the complaint "demonstrably false." But this is not a proper basis for moving to strike allegations in a pleading. Shrem must demonstrate, instead, that the allegations are objectionable under Rule 12(f) on their face.

Shrem cannot plausibly suggest that the allegations in WCF's complaint that he seeks to strike are, on their face, "redundant, immaterial, impertinent, or scandalous." *See Schoolcraft*, 299 F.R.D. at 67 (noting that it is not enough that the matter "offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action") (quoting 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011)). Shrem attempts to strike

paragraphs 2, 40, and 44,[1] which detail Shrem's betrayal. These paragraphs highlight a $61,000 accounting shortfall at the center of this case and WCF's efforts to account for Shrem's theft, including identifying a transaction whereby Shrem received 5,000 bitcoins, which came just weeks after sending an initial tranche of bitcoin to WCF with a 5,000 bitcoin shortfall. *Id.* at ¶ 2, 40, 44. Shrem cannot dispute that these allegations are relevant and material, as they detail Shrem's perfidy and suspicious dealings. Whether these allegations are true is an issue to be addressed at a later stage in the proceedings and after the factual record has developed. Shrem's premature attempt at showing the allegations are "demonstrably false" does not render them "immaterial, [or] impertinent" for purposes of Rule 12(f) motion. Indeed, WCF does not concede that Shrem's evidence submitted in opposition to WCF's motion to confirm attachment proves its allegations are demonstrably false. WCF has not had an opportunity to test any of Shrem's evidence in discovery. Numerous questions remain concerning Shrem's evidence, including its authenticity, how Shrem and John Doe became acquainted, and from whom John Doe obtained his 5,000 bitcoin.

In any event, even if falsity were a proper basis for a motion to strike, and even if WCF did not contest the veracity of Shrem's evidence, Shrem's motion seeks to strike more allegations than is warranted by the evidence he submitted.

The only evidence that Shrem has submitted suggests that the December 31, 2012 transaction identified in WCF's complaint did not involve Shrem's 5,000 bitcoin, but instead involved the bitcoin of John Doe. Accepting Shrem's evidence as true, that does not warrant

---

[1] Paragraph 3 merely states the causes of action WCF is bringing, the remedy it seeks, and the total value of the bitcoin. *Id.* at ¶ 3. This paragraph cannot possibly fall within Rule 12(f)'s ambit, given that it is limited to material that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Its inclusion in the Motion highlights the infirmity of Shrem's position.

striking allegations in WCF's complaint that Shrem stole 5,000 bitcoin from WCF. His evidence would only warrant striking allegations that the 5,000 bitcoin transferred on December 31, 2012 were Shrem's bitcoin. Other allegations in WCF's complaint clearly highlight the need to leave undisturbed allegations that Shrem stole WCF's 5000 bitcoin, such as his utter failure over six years to ever account for WCF's missing bitcoin and his perpetrating the same con on another individual.

The frivolousness of Shrem's motion to strike is apparent when one considers his evidence. There is no possible basis for striking allegations in the Complaint that Shrem stole 5,000 bitcoin. Without that, Shrem is asking the Court to strike allegations that one particular bitcoin transaction was associated with him. Leaving that in the Complaint cannot possibly rise to the level of scandal or immateriality required to grant the disfavored motion to strike. *See Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (party moving to strike must show prejudice of objectionable material in the pleadings).

## IV.    Conclusion

For the foregoing reasons, Shrem's motion to strike paragraphs 2, 3, 40, and 44 should be denied.


DATED:  December 10, 2018            Respectfully submitted,


                                    By: */s/ Tyler Meade*_____

                                    Tyler Meade
                                    Seena Forouzan (admitted *pro hac vice*)
                                    THE MEADE FIRM P.C.
                                    California Office:
                                         12 Funston Avenue, Suite A
                                         San Francisco, CA 94129
                                    New York Office:
                                         111 Broadway, Suite 2002
                                         New York, NY 10006
                                    Telephone: (415) 724-9600
                                    Facsimile: (415) 510-2544
                                    tyler@meadefirm.com
                                    seena@meadefirm.com

                                    *Attorneys for Plaintiffs*