UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WINKLEVOSS CAPITAL FUND, LLC,   :   18-cv-8250 (JSR)

        Plaintiff,   :

  v.

                                :

CHARLES SHREM,

                                :

        Defendant.
--------------------------------------------------------x

## DEFENDANT CHARLES SHREM'S REPLY IN SUPPORT OF
## FED.R.CIV.P. 12(f) MOTION TO STRIKE

 

BRIAN E. KLEIN
DONALD R. PEPPERMAN (*Pro Hac Vice*)
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Tel: (424) 652-7800
bklein@bakermarquart.com
dpepperman@bakermarquart.com

*Attorneys for Charlie Shrem*

# TABLE OF CONTENTS

Introduction ..................................................................................................................................1

Argument......................................................................................................................................1

    I. WCF's False Allegations Relating to the Theft of 5,000 Bitcoins Should Be Stricken......1

Conclusion....................................................................................................................................3

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Arias-Zeballos v. Tan*,
    2006 WL 3075528 (S.D.N.Y. October 26, 2009) ..................................................................2

*In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*,
    218 F.R.D. 76 (S.D.N.Y. 2003)...........................................................................................2

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*,
    402 F.Supp.2d 434 (S.D.N.Y. 2005) ...................................................................................1

*Ongu v. Chipotle Mexican Grill, Inc.*,
    294 F.Supp.3d 199 (S.D.N.Y. 2018).....................................................................................3

*Parrish v. Sollecito*,
    No. 01 Civ.5420 (VM), 2002 WL 1072227 (S.D.N.Y. May 28, 2002) ................................3

*Roe v. City of New York*,
    151 F.Supp.2d 495 (S.D.N.Y. 2001) ...................................................................................1

*Wahler v. Church*,
    260 F.Supp. 307 (E.D.N.Y. 1966)........................................................................................2

**Federal Statute**

Federal Rules of Civil Procedure 12(f) ....................................................................................1, 2

**Introduction**

The Court should strike from plaintiff Winklevoss Capital Fund LLC's ("WCF") Complaint, pursuant to Fed.R.Civ.P. 12(f), allegations concerning Defendant Charles Shrem's ("Shrem") purported theft of 5,000 bitcoins which are now known to be demonstrably false. These false allegations are therefore immaterial and impertinent to any claim in this case. These immaterial allegations, which cannot be supported by any admissible evidence, should be stricken. (Compl. ¶¶ 2-3, 40, 44.) WCF had ample opportunity after learning of the falsity of these allegations to amend its Complaint and chose not to do so.

**Argument**

**I.    WCF's False Allegations Relating to the Theft of 5,000 Bitcoins Should Be Stricken**

Federal Rule of Civil Procedure 12(f) permits the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 402 F.Supp.2d 434, 437 (S.D.N.Y. 2005).

To succeed on a Rule 12(f) motion, the moving party must demonstrate that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York*, 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001) (quoting *Koch v. Dwyer*, No. 98 Civ. 5519, 2000 WL 1458803, at *1 (S.D.N.Y. Sept. 29, 2000)). All three elements are met, and WCF fails to show otherwise in its Opposition.

First, through *unrebutted* evidence, Shrem has shown that a third-party investor, John Doe, after the filing of WCF's Complaint, came forward and admitted that the 5,000 bitcoins that Shrem transferred from the address 1Shremdh9tVop1gxMzJ7baHxp6XX2WWRW in 2012 belonged to him, *not* Shrem nor WCF, and has submitted documents to this Court to that effect. Shrem has submitted email correspondence with John Doe attesting to the same. (*See* November 5, 2018 Affidavit of Charlie Shrem ("Shrem Aff."), Ex. C, Dkt. 53.) Shrem also states in his sworn Affidavit that the 5,000 bitcoins did not belong to WCF, he never owned them and that he has never "personally owned 5,000 bitcoins all at one time." (*Id.* ¶ 7.) This evidence dispels any notion or allegation that Shrem stole 5,000 bitcoins belonging to WCF.

Importantly, WCF has not come forward with any evidence to rebut or dispute these sworn assertions, necessitating a motion to strike. *See In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("[R]eferences to preliminary steps in litigations and . . . that did not result in . . . permissible findings of fact are, as a matter of law, immaterial under Rule 12(f) of the Federal Rules of Civil Procedure.").

Second, the allegations have no bearing on the case. Whether Shrem stole 5,000 bitcoins is a different allegation than whether Shrem stole the 5,000 bitcoins belonging to John Doe, which have shown to be false and have no relationship to any of WCF's claims. *See Arias-Zeballos v. Tan*, 2006 WL 3075528, at *10 (S.D.N.Y. October 26, 2009) (striking allegations that have "no conceivable relationship to the merits of any of the claims or counterclaims"); *Wahler v. Church*, 260 F.Supp. 307, 309 (E.D.N.Y. 1966) (prayer for a restraining order stricken where it was "surplusage and therefore immaterial'").

Finally, allowing such immaterial and impertinent allegations into the Complaint can only prejudice Shrem, particularly given that WCF has shown its propensity to use immaterial information, such as Shrem's criminal record, in an effort to insinuate he is liable for the present claims. WCF should not be allowed to further prejudice Shrem through false innuendo. *See Parrish v. Sollecito*, No. 01 Civ.5420 (VM), 2002 WL 1072227, at *2 (S.D.N.Y. May 28, 2002) (granting motion to strike because "the allegation is scandalous, as well as impertinent and of extremely unlikely relevance").

This Court, exercising its sound discretion, should strike the specified false allegations. *See Ongu v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 221 (S.D.N.Y. 2018).

## Conclusion

Based on the foregoing and Shrem's opening brief, the Court should strike paragraphs 2-3, 40, 44 from WCF's Complaint as they contain false, immaterial and impertinent factual allegations which are incapable of proving or supporting any viable claim in WCF's Complaint.

Dated: December 17, 2018

Respectfully Submitted,

/s/ Brian E. Klein

Brian E. Klein
Donald R. Pepperman (*pro hac vice*)
Baker Marquart LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Tel.: (424) 652-7800/Fax: (424) 652-7850
E-Mail: bklein@bakermarquart.com