UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| WINKLEVOSS CAPITAL FUND, LLC, | : | 18-cv-8250 (JSR) |
| Plaintiff, | : | |
| v. | : | |
| CHARLES SHREM, | : | |
| Defendant. | : | |

-------------------------------------------------------x

**DEFENDANT CHARLES SHREM'S MOTION FOR ATTORNEYS' FEES AND
COSTS PURSUANT TO N.Y. C.P.L.R. §§ 6212 (b), (e)**

    BRIAN E. KLEIN
    DONALD R. PEPPERMAN (*pro hac vice*)
    BAKER MARQUART LLP
    777 S. Figueroa Street, Suite 2850
    Los Angeles, California 90017
    Tel: (424) 652-7800
    bklein@bakermarquart.com
    dpepperman@bakermarquart.com

*Attorneys for Charlie Shrem*

# **TABLE OF CONTENTS**

Introduction ....................................................................................................................................1

Argument........................................................................................................................................2

    1. The Law Requires WCF to Pay Shrem Reasonable Attorneys' Fees and Costs........2

    2. The Attorneys' Fees and Costs Shrem Requests are Reasonable ..............................4

Conclusion......................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.C. Israel Commodity Co. v. Banco Do Brasil, S.A.*,
  50 Misc. 2d 362 (Sup. Ct. 1966) ................................................................................... 1, 3

*Citibank, N.A. v. Keenan Powers & Andrews PC*,
  149 A.D.3d 484 (1st Dept. 2017) ....................................................................................... 3

*Correspondent Services Corp. v. J.V.W. Investments, Ltd.*,
  205 F.Supp.2d 191 (S.D.N.Y. 2002) ................................................................................. 3

*Globex International Inc. v. Commercial Bank of Namibia Ltd.*,
  No. 99 Civ. 4789 JSM. 1999 WL 1211827 (S.D.N.Y. Dec.17, 1999) ................................ 1

*Jalas v. Halperin*,
  25 N.Y.S.3d 264 (N.Y. App. Div. 2d Dept. 2016) .............................................................. 3

*Luciano v. Olsten Corp.*,
  109 F.3d 111 (2d Cir. 1997) ................................................................................................ 4

*Merck & Co., Inc. v. Technoquimicas S.A.*,
  01 CIV. 5345(NRB), 2001 WL 963977 (S.D.N.Y. Aug. 22, 2001) ............................ 1, 2, 3

*Mitchell v. Fidelity Borrowing LLC*,
  827 N.Y.S.2d 107 (N.Y. App. Div. 1st Dept. 2006) ........................................................... 4

**Other Authorities**

N.Y. C.P.L.R. § 6212(b) ................................................................................................ 1, 2, 5

N.Y. C.P.L.R. § 6212(e) ................................................................................................ 1, 3, 5

## Introduction

Defendant Charlie Shrem ("Shrem") seeks an award of reasonable attorneys' fees and costs associated with his successful opposition to Winklevoss Capital Fund, LLC 's ("WCF's") motion for confirmation of the prejudgment attachment.

The Court vacated its October 2, 2018 prejudgment attachment Order, following motion practice and a hearing, in a November 8, 2018 Order.  New York law requires reasonable attorneys' fees and costs associated with a wrongful attachment, like this one, to be awarded to the prevailing party, in this case Shrem.  N.Y. C.P.L.R. §§ 6212(b), (e).  Such an award is not discretionary; the statute's standard is strict liability.  *See Globex Int'l. Inc. v. Commercial Bank of Namibia Ltd.,* 1999 WL 1211827, at *1 (S.D.N.Y. Dec. 17, 1999) (under Rule 6212(e), a plaintiff is "strictly liable for all costs and damages, including attorney's fees, caused by wrongful attachment" where the property is actually attached); *A.C. Israel Commodity Co. v. Banco Do Brasil, S.A*., 50 Misc. 2d 362, 365 (Sup. Ct. 1966) (as long as the attorneys' fees incurred by the defendant were the "natural and proximate consequence of the wrongful attachment," the plaintiff is liable for them).  "Thus, New York law requires an award of fees by virtue of the fact that the attachment was vacated as unwarranted."  *Merck & Co., Inc. v. Technoquimicas S.A*., 2001 WL 963977, at *3 (S.D.N.Y. Aug. 22, 2001).

By seeking reimbursement, Shrem is not waiving any of the challenges raised in his motions to dismiss and strike, including his jurisdictional challenges, or any other challenges or rights he may assert at a later time.

**Argument**

Under New York law, WCF owes Shrem reasonable attorneys' fees and costs as a result of the Court vacating the prejudgment attached Order.

By way of background, WCF successfully applied *ex parte* and under seal for an order of prejudgment attachment on Shrem's property. The Order was issued October 2, 2018. (Dkt. 30.) On November 8, 2018, after both sides submitted briefing and the Court heard oral argument, the Court issued an order denying plaintiff's motion to confirm the Order of attachment and vacated its prior Order. (Dkt. Nos. 52 & 59.)

1. **The Law Requires WCF to Pay Shrem Reasonable Attorneys' Fees and Costs**

A prejudgment order of attachment, like the one WCF initially received, is governed by New York Consolidated Practice Law & Rules § 6212, and subsection (b) states:

> On a motion for an order of attachment, the plaintiff shall give an undertaking, in a total amount fixed by the court, but not less than five hundred dollars, a specified part thereof <u>conditioned that the plaintiff shall pay to the defendant all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property</u> . . .

(Emphasis added.) Subsection (e) further states that:

> <u>The plaintiff shall be liable to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment, or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property</u>. Plaintiff's liability shall not be limited by the amount of the undertaking.

(Emphasis added.) Both New York and federal courts reviewing the statute have held that an award for reasonable attorney's fees and costs is required where, as here, an attachment order is vacated after property was attached. *Merck & Co.*, 2001 WL 963977, at *3 (S.D.N.Y.

2

Aug. 22, 2001) ("[I]t is significant that § 6212(e) is not worded in the conditional; it states that fees 'shall' be awarded to a defendant whose assets were wrongfully attached."); *Citibank, N.A. v. Keenan Powers & Andrews PC*, 149 A.D.3d 484, 485 (1st Dept. 2017) (quoting *Bank of N.Y. v. Norilsk Nickel*, 14 A.D.3d 140, 149 (1st Dept. 2004), appeal dismissed 4 N.Y.3d 846 (2005)) ("a finding of fault is not required to recover damages under this provision, as plaintiffs are 'strictly liable' for the damages they caused").

Section 6212 does not limit the time period for which a defendant may recover damages arising from the attachment, but, rather, permits a defendant to recover "all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment." *Jalas v. Halperin*, 25 N.Y.S.3d 264, 265 (N.Y. App. Div. 2d Dept. 2016). Thus, a decision on the underlying merits of the case is not required before reasonable attorneys' fees and costs are awarded under the statute. *Correspondent Servs. Corp. v. J.V.W. Inves., Ltd.*, 205 F.Supp.2d 191, 204 (S.D.N.Y. 2002) (citing *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709 (2d Cir.1987)) ("A dismissal of the case or of the attachment on any basis, procedural or substantive, is sufficient to support an award of damages and attorney's fees.'").

Based on the above statutory authority and caselaw, WCF is "strictly liable" to Shrem "for all costs and damages, including reasonable attorney's fees" which were sustained as a result of the attachment given that the Court ruled WCF was not entitled to an attachment of Shrem's property. N.Y. C.P.L.R. § 6212(e). The reasonable attorneys' fees and costs Shrem expended to vacate the order of attachment were indisputably the "natural and proximate consequence of the wrongful attachment." *See A.C. Israel*, 270 N.Y.S.2d at 286.

WCF already posted an undertaking of $10,000 to cover some of Shrem's potential costs, requiring this amount be paid to Shrem.  *See Mitchell v. Fid. Borrowing LLC*, 827 N.Y.S.2d 107, 108 (N.Y. App. Div. 1st Dept. 2006) (trial court erred by failing to require plaintiff "to post a bond in an amount sufficient to pay defendant damages, including attorneys' fees, in the event, now realized, that plaintiff was found not entitled to an attachment (C.P.L.R. § 6212(b))").

### 2. The Attorneys' Fees and Costs Shrem Requests Are Reasonable

In connection with the process of mounting an effective and vigorous successful opposition to WCF's motion to confirm and the Court vacating the prejudgment attachment Order, Shrem incurred approximately $76,156 in attorney's fees (after deductions and exclusions) and costs in the amount of $1,053 (after exclusions) for which he is seeking reimbursement from WCF.  (Affidavit of Donald Pepperman ["Pepperman Aff."] ¶¶ 11 – 15 (filed concurrently herewith).)  Based on all the relevant factors, this represents a reasonable amount that should be awarded to him.

To determine a reasonable hourly rate, courts look to the rates for comparable legal services in the local community.  *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) ("In determining reasonable attorney's fees, the district court must calculate a 'lodestar' figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate.  The 'lodestar' figure should be 'in line with those [rates] prevailing in the community [in which the district court sits] for similar services by lawyers of reasonably comparable skill, experience, and reputation.'").

The discounted hourly rates requested by Shrem's counsel ($265 – $850) are reasonable and within the range (and actually lower) of fees charged by similar law firms in

4

the Southern District of New York for litigating similar matters. (Pepperman Aff. ¶ 13.) Shrem is only requesting reimbursement of his attorneys' fees for those legal services which, at the time rendered, would have been undertaken by a reasonable and prudent trial attorney under the same time constraints to protect Shrem's interests in the pursuit of his successful opposition to WCF's motion to confirm. (Pepperman Aff. ¶¶ 3, 9.) The discounted amount requested is both conservative and reasonable. (Pepperman Aff. ¶ 9.)

The out-of-pocket litigation costs were reasonably incurred given the nature of the case and vigorous defense and are of the types normally charged to a fee-paying client. (Pepperman Aff. ¶¶ 14 – 15.) Counsel for Shrem's billing records reflect the following types of out-of-pocket litigation expenses: (1) court filing fees; (2) photocopying; (3) messenger service; (4) FedEx delivery; and (5) postage. (Pepperman Aff. ¶ 15.) These costs were reasonable and necessary and should be awarded to Shrem. *See* N.Y. C.P.L.R. §§ 6212 (b), (e).

## Conclusion

For the reasons set forth above, Shrem submits the requested attorneys' fees and costs as a result of the Court denying confirmation of and vacation WCF's prejudgment attachment Order, which are reasonable. Because paying these fees and costs is mandatory under applicable law, the Court should grant this motion.

Dated: December 21, 2018               Respectfully Submitted,

                                        /s/ Donald R. Pepperman
                                       _____

                                       Brian E. Klein
                                       Donald R. Pepperman
                                       Baker Marquart LLP

                                       *Attorneys for Charlie Shrem*

5