**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

WINKLEVOSS CAPITAL FUND, LLC,        18-cv-8250 (JSR)

              Plaintiff            :
   v.
                                            :

CHARLES SHREM,
                                            :
              Defendant.
-------------------------------------------------------x

**AFFIDAVIT OF DONALD R. PEPPERMAN IN SUPPORT OF
DEFENDANT CHARLES SHREM'S MOTION FOR ATTORNEYS' FEES AND COSTS**

BRIAN E. KLEIN
DONALD R. PEPPERMAN (*pro hac vice*)
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Tel: (424) 652-7800
bklein@bakermarquart.com
dpepperman@bakermarquart.com

*Attorneys for Defendant Charlie Shrem*

## AFFIDAVIT OF DONALD R. PEPPERMAN

I, Donald R. Pepperman, declare as follows:

1. I am an attorney admitted to practice *pro hac vice* in the Southern District of New York. I am also admitted to practice in the Central, Northern and Southern Districts of California. I am a senior partner at the law firm Baker Marquart LLP ("Baker Marquart"), which is counsel for defendant Charlie Shrem ("Shrem") in the above-captioned case. Baker Marquart is located in downtown Los Angeles. This Affidavit is being filed in support of Shrem's Motion for Attorneys' Fees and Costs.

2. On September 11, 2018, plaintiff Winklevoss Capital Fund, LLC ("WCF" or "plaintiff") moved *ex parte* for a prejudgment attachment. On October 2, 2018, this Court granted Plaintiff's *ex parte* motion for prejudgment attachment. On November 1, 2018, WCF filed a motion to confirm the attachment Order. Shrem opposed that motion. On November 8, 2018, the Court denied plaintiff's motion to confirm the Order of the attachment and lifted the attachment. On November 15, 2018, the Court entered a reasoned Order explaining its reasons for denying plaintiff's motion and lifting the attachment.

3. In defending against the attachment confirmation, counsel for Shrem provided the following legal services over a truncated period of time (October 28 – November 8, 2018): (1) review and analysis of the Complaint: (2) investigated, drafted and filed the opposition pleadings to the attachment confirmation motion; (3) conducted extensive factual investigation and legal research; (4) engaged in extensive interaction and communications with Shrem concerning the case; (5) participated in court calls; (6) participated in telephone conferences with WCF's counsel; and (7) attended and participated in the hearing on WCF's motion in New York.

1

Presumably WCF's counsel had months to prepare plaintiff's Complaint, prejudgment attachment motion, and motion to confirm pleadings.

4. I am a partner at Baker Marquart and was extensively involved with the litigation opposing the attachment confirmation motion, including drafting of the opposition pleadings. I am a trial attorney specializing in various areas of complex civil litigation law and have been successfully practicing in California for over 30 years. Attached as **Exhibit 1** is my short resume from Baker Marquart's website that outlines my background and qualifications.

5. Brian E. Klein is also a partner at Baker Marquart and has been licensed to practice and has practiced complex civil litigation in New York, among other jurisdictions, for over 15 years. He supervised the filing of the opposition, prepared for and argued the opposition, and led the coordination with Shrem. Attached as **Exhibit 2** is his short resume from the firm's website that briefly outlines his background and qualifications. Mr. Klein is considered one of the top litigators in the cryptocurrency law space.

6. Teresa L. Huggins is a senior associate attorney at Baker Marquart with knowledge and expertise in various areas of civil litigation, including cryptocurrency matters. Ms. Huggins conducted legal research, assisted in drafting the opposition to the motion for confirmation of the attachment, and attended and participated the hearing in New York. She also made significant contributions to conducting the factual investigation in this case. Attached as **Exhibit 3** is her short resume from Baker Marquart's website.

7. Brian T. Grace is also an associate attorney at Baker Marquart with knowledge and expertise in various areas of civil litigation, including cryptocurrency matters. Mr. Grace conducted legal research and assisted in drafting the opposition to the motion for confirmation of the attachment. Attached as **Exhibit 4** is his short resume from Baker Marquart's website.

8.      Senior paralegal, Becky Isomoto, is a seasoned litigation paralegal with over 20 years of experience handling all phases of civil litigation. Ms. Isomoto assisted in the preparation of court filings, managed the flow of documents, and handled service, FedEx and other matters.

9.      I have reviewed Baker Marquart's computerized time billing records relating to this case. In computing the amount of the requested fee award, Baker Marquart has only sought attorneys' fees for those services which, at the time rendered, would have been undertaken by a reasonable and prudent trial attorney to advance or protect Shrem's interests in the pursuit of his successful opposition to WCF's motion. It is my view that, because of Baker Marquart's extensive litigation experience in so many cases of all kinds, we are able to handle cases more efficiently than less experienced firms. Accordingly, the claimed hours spent by Baker Marquart attorneys on this phase are inherently conservative and reasonable.

10.      Further, because of the enormous amount of work that was required to draft opposition papers in such a short time period, there may have been some overlap in some of the legal research and/or drafting process. Accordingly, to render Shrem's attorneys' fees request even more conservative, I have deducted from the table in Paragraph 11 below, over 50 hours of attorney time that was billed to Shrem and over 22 hours of paralegal time. I have also deducted any time billed for travel. Shrem is also not including in his request for fees any fees expended in the drafting of this motion for fees/costs or the reply brief.

11.      Baker Marquart in this litigation has provided Shrem with hourly billing rates that have been discount ted from the firm's regular rates for 2018. In accordance with the fee agreement, Shrem is receiving and being billed at rates that have been discounted by 10%. The contemporaneous time records of Baker Marquart (after the deductions specified above) reflect

the following hours spent by attorneys and paralegals on the successful opposition to WCF's motion to confirm attachment at the following discounted rates:

**Baker Marquart**

|  | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| Brian E. Klein ("BEK") (Attorney—Partner) | 23.2 | $850 | $19,720 |
| Donald R. Pepperman ("DRP") (Attorney—Partner) | 39.5 | $580 | $22,910 |
| Teresa L. Huggins ("TLH") (Attorney—Senior Associate) | 51.8 | $445 | $23,051 |
| Brian T. Grace ("BTG") (Attorney—Associate) | 21.5 | $265 | $5,697 |
| Becky Isomoto ("BI") (Senior Paralegal) | 18.0 | $265 | $4,778 |
|  |  | **TOTAL**: | **$76,156** |

12. In support of the hours set forth above, and in order that the Court may apprise the character and nature of the work done by counsel for Shrem, my firm upon request by the Court, will make available for *in camera* review a redacted copy of the computer printout of the time records prepared by each Baker Marquart attorney and paralegal who worked on the opposition, and which were compiled and maintained by Baker Marquart's officer manager/bookkeeper. The computer printout reflects on a daily basis the hours and work descriptions submitted contemporaneously each month in the ordinary course of Baker Marquart's record keeping for each of the attorneys identified above, covering the period October 28, 2018 through November 8, 2018.

13. In my experience, the hourly rates requested by Baker Marquart ($265 - $850) are reasonable and within the range (and actually lower) of fees charged and billed to clients by

similar litigation law firms in New York for similar litigation matters. For example, I am aware from various New York litigation firms that my firm has worked with, that have requested not to be identified, of the following hourly billing rate ranges for litigation associates and partner attorneys: Firm A (associates $575 - $775 and partners $950 - $1,250) and Firm B (associates $695 and partners $995 - $1,275).

14. Counsel for Shrem's billing records reflect the following types of out-of-pocket litigation expenses were incurred and billed to Shrem: (1) court filing fees; (2) photocopying; (3) messenger service; (5) FedEx delivery; and (6) postage. These out-of-pocket litigation costs were reasonable, given the nature of the case and vigorous defense and are of the types normally charged to a fee-paying client. Counsel for Shrem submits that the reasonable amount of costs to be awarded should be rounded down to $1,053.

15. I have excluded from Shrem's cost request costs billed for WESTLAW services; travel (air fare, hotels, parking, and taxis/Uber) and meals.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct to the best of my knowledge and belief. Executed on December 21, 2018, in Los Angeles, California.

_____
Donald R. Pepperman