# EXHIBIT 1

IB8QWINc

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   WINKLEVOSS CAPITAL FUND LLC

 4                 Plaintiff

 5        v.                                18 Civ. 8250 (JSR)
                                            Conference
 6   CHARLES SHREM
              v.
 7   GARNISHEE LOCAL BIT COINS USA, INC.,
     GARNISHEE BITTREX, INC.
 8                 Defendants

 9   ------------------------------x
                                            New York, N.Y.
10                                          November 8, 2018
                                            11:30 a.m.
11
     Before:
12
                       HON. JED S. RAKOFF
13
                                            District Judge
14
                       APPEARANCES
15
     THE MEADE FIRM
16        Attorneys for Plaintiff
     SAM FERGUSON
17   TYLER MEADE

18

19   BAKER MARQUART LLP
          Attorneys for Defendant Shrem
20   BRIAN KLEIN
     TERESA HUGGINS
21

22   BRAFMAN & ASSOCIATES PC
          Attorney for Defendant
23   MARC AGNIFILO

24

25
```

IB8QWINc

1    approximately 5,000 bitcoin.  That's all linked to the 5,000

2    bitcoins we know were not his.

3            THE COURT:  So what I am trying to get a handle on

4    though is -- this is going to be relevant both for this case

5    and for the schedule that I am to set up for payment of the

6    forfeiture.

7            MR. MEADE:  Sure.

8            THE COURT:  So his current assets are real estate in

9    Florida.  Yes?

10           MR. KLEIN:  Yes, your Honor.

11           THE COURT:  Including not just his home but other real

12   estate?

13           MR. KLEIN:  Investment properties I understand, your

14   Honor.

15           THE COURT:  Yes.  And they would not be subject to the

16   Florida attachment, the Florida Homestead Law.  The home is,

17   but not the others.

18           Cryptocurrency of one sort or another.  Yes?

19           MR. KLEIN:  Very minimal cryptocurrency, your Honor.

20           THE COURT:  What other assets does he have?

21           MR. KLEIN:  He has about $2 million in cash in his

22   bank account, your Honor.

23           THE COURT:  OK.

24           MR. KLEIN:  We would say this dispute is not about

25   $30 million.  It's about what they claim is an unaccounted for

IB8QWINc

1    $61,000.  They have no proof and they put no proof in this

2    record, and there will be no proof that he went out and

3    purchased any bitcoin with that money.  So we will put $61,000

4    in escrow, your Honor, to cover that.  Mr. Shrem was willing to

5    do that.  That is what this is basically about.  But to go out

6    and get an order that he is basically subjected to $30 million

7    in a preattachment order based on a false premise of these

8    5,000 bitcoins, your Honor, that should be struck.  That should

9    be dissolved.  And, frankly, he should get attorney's fees

10   going through all this effort.  I recognize that's a big ask,

11   but we do feel strongly about that.

12           THE COURT:  Well, if and when that is ripe, you will

13   take up that, but certainly not right at the moment.

14           Let me hear from plaintiff's counsel.

15           MR. MEADE:  Yes, your Honor.

16           So we alleged that Mr. Shrem took $61,000 and

17   purchased bitcoin.  Why do we think he purchased bitcoin?

18   Well, he is very involved in the Crypto space.  By his own

19   admission repeatedly, he has extensive holdings in Crypto.

20   It's a logical inference.

21           Now, we did make allegations about a $5,000 transfer

22   that ultimately landed most of it in coin base and Zappo.  I

23   will accept for purposes of today's hearing that they've made a

24   showing that that is probably Mr. Shrem's bitcoin.  I do want

25   to check on that later.  But we still sit here years later, and

IB8QWINc

1    I'm going to make a decision on the attachment by no later than

2    5:00 p.m. tomorrow.  It remains in place till then, although I

3    think we're talking about $10 if I understand the reality it.

4              MR. KLEIN:  Your Honor, I just want to make two last

5    points.

6              THE COURT:  Yes, go ahead.

7              MR. KLEIN:  I think what they're doing is burden

8    shifting.  The burden is on them.  This is a really harsh

9    remedy.  That's what the case law says.  You have discretion,

10   but it is an incredibly harsh remedy and the burden is on them.

11   What you just heard from plaintiff's counsel is speculation.

12   We believe he took 61,000 of our money, and we believe he

13   should have purchased it because he's a bitcoin guy.

14              The only evidence they've offered so far we've

15   indisputably proven wrong.  This case is about $61,000.  Again,

16   Mr. Shrem will put up $61,000.

17              THE COURT:  Well, I'm going to take you up on that

18   part independent of where I come out on the attachment.  So you

19   should place $61,000 in escrow with the Clerk of the Court and

20   send me a proposed order to that effect, and I'll either sign

21   it or play with it if it's not the right language.

22              MR. KLEIN:  Yes, sir.

23              MR. MEADE:  Your Honor?

24              THE COURT:  Yes.

25              MR. MEADE:  If I may briefly, your Honor, when we get