UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WINKLEVOSS CAPITAL FUND, LLC,       :              18-cv-8250 (JSR)

                    Plaintiff,       :

          v.                         :

CHARLES SHREM,                       :

                    Defendant.       :
-------------------------------------------------------x


**DEFENDANT CHARLES SHREM'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES AND COSTS PURSUANT TO N.Y. C.P.L.R. §§ 6212 (b), (e)**

BRIAN E. KLEIN
DONALD R. PEPPERMAN (*pro hac vice*)
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Tel: (424) 652-7800
bklein@bakermarquart.com
dpepperman@bakermarquart.com

*Attorneys for Charlie Shrem*

## **TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................1

ARGUMENT ......................................................................................................................2

   1. THE LAW REQUIRES WCF TO PAY SHREM REASONABLE ATTORNEYS' FEES AND COSTS....2

   2. THE COURT MAY NOT CONSIDER THE AMOUNT ATTACHED IN DETERMINING WHETHER

      ATTORNEYS' FEES SHOULD BE AWARDED ........................................................................4

   3. BAKER MARQUART'S TIME AND WORK DESCRIPTIONS ARE MORE THAN ADEQUATE FOR

      PURPOSES OF THIS FEES/COSTS MOTION ..........................................................................7

   4. BAKER MARQUART'S REQUESTED DISCOUNTED HOURLY RATES ARE REASONABLE ..........8

   5. THE HOURS EXPENDED BY BAKER MARQUART WERE REASONABLE AND NECESSARY .....10

CONCLUSION ....................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.C. Israel Commodity Co. v. Banco Do Brasil, S.A.*,
  50 Misc. 2d 362 (Sup. Ct. 1966) ................................................................5

*AdiPar Ltd. v. PLD International Corp.*,
  No. 01 Civ 0765 (MBM), 2002 WL 31740622 (S.D.N.Y. 2002) .....................6

*Arbor Hill Concerned Citizens Neighborhood Association v. County of
  Albany*,
  522 F.3d 183 (2d Cir. 2011) ......................................................................8

*Baker v. Health Management System, Inc.*,
  98 N.Y.2d 80 (2002) ................................................................................6

*City of Providence v. Aeropostale, Inc.*,
  No. 11 Civ. 7132 (CM) (GWG), 2014 WL 1883494 (S.D.N.Y. May 9,
  2014) ........................................................................................................8

*Correspondent Services Corp. v. First Equities Corp. of Florida*,
  338 F.3d 119 (2d Cir. 2003) ......................................................................6

*Correspondent Services Corp. v. J.V.W. Investments Ltd.*,
  2015 F. Supp. 2d 191 (S.D.N.Y. 2002) .......................................................6

*Cruz v. Zucker*,
  14-cv-4456 (JSR), 2017 WL 1093285 (S.D.N.Y. March 10, 2017) .................9

*Dimopoulou v. First Unum Life Insurance Co.*,
  1:13-cv-7159 (ALC), 2017 WL 464430 (S.D.N.Y. Feb. 3, 2017)...................9

*Globex International Inc. v. Commerical Bank of Namibia Ltd.*,
  No. 99 Civ. 4789 JSM, 1999 WL 1211827 (Dec. 17, 1999).....................1, 4, 6

*Leslee Travel Inc. v. American Copoun Exchange, Inc.*,
  138 Misc.2d 901 (N.Y. City Civ. Ct. 1988) ..................................................4

*Luciano v. Olsten*,
  109 F.3d 111 (2d Cir. 1997) ......................................................................8

*In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*,
  No. 02 MDL 1484(JFK), 02 Civ. 3176(JFK), 02 Civ. 7854(JFK), 02 Civ. 10021(JFK),

2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ........................................................8

*Provisional Protective Committee v. Williams*,
   121 A.D.2d 271 (1st Dept. 1986) ................................................................6

*Restivo v. Nassau County*,
   06-CV-6720 (JS)(SIL), 2015 WL 7734100 (S.D.N.Y. Nov. 30, 2015) ...........9

*Shu Yiu Louie v. David & Chiu Place Restaurant, Inc.*,
   689 N.Y.S.2d 476 (App. Div. 1999) .............................................................6

*In re Tougher Industries, Inc.*,
   Bankruptcy No. 06-12960, 2008 WL 1805806 (Bankr. N.D. N.Y. 2008)......1, 5

**Statutes**

N.Y. C.P.L.R. § 6212 ..........................................................................................4-5

**Introduction**

Faced with mandatory attorneys' fees and costs, WCF asks this Court to essentially reverse itself and to hold that WCF actually prevailed on its motion to confirm the prejudgment attachment. The Court should, of course, not do so.

WCF's three arguments – that Shrem's $61,000 escrow deposit was part of the attachment, that the Court only denied its motion on "technical" grounds, and that the "de minimis" amount attached means it is not liable under the statute – all fail and should be rejected. First, the Court has been explicit that the attachment was entirely "independent" and "separate" from the escrow deposit, requiring separate orders for both. (November 8, 2018 Hearing Transcript ["Hearing Tr."] 19:17-18; 24:17-19; Dkts. 52, 57 & 59.) Second, the Court issued a seven-page reasoned opinion denying WCF's motion, discussing at length the substantive reasons why WCF "failed to meet its burden to show grounds for attachment under CPR § 6201." (Dkt. 59.) Lastly, case law is clear: in calculating reasonable attorneys' fees pursuant to CPLR § 6212(e), a court may not consider the "nature and value" of the property attached. *See In re Tougher Industries, Inc.*, 2008 WL 1805806, at *4 (Bankr. N.D. N.Y. 2008).

WCF did not prevail on its motion; it lost. The mandate of New York law is simple and straightforward: attorneys' fees and costs must be awarded for a wrongful attachment. *See Globex International Inc. v. Commerical Bank of Namibia Ltd.*, 1999 WL 1211827, at *1 (Dec. 17, 1999). Shrem respectfully asks that the Court now grant them.

**Argument**

1. **The Law Requires WCF to Pay Shrem Reasonable Attorneys' Fees and Costs**

WCF argues it was the prevailing party on the motion to confirm attachment.  (Opp. at 1-4.)  Not so.  The Court unequivocally denied WCF's motion to confirm the order of attachment and vacated its prior order.  (Dkts. 52 & 59.)  The fact that the Court, separate and apart from the attachment, ordered Shrem to deposit $61,000 into escrow has nothing to do with the denial of the motion to confirm, despite WCF's contention to the contrary.  (*See* Opp. at 2-4.)

At both the November 8, 2018 hearing on the attachment and in its November 8 and November 15, 2018 orders denying the attachment, the Court made clear that Shrem's deposit of $61,000 into escrow was entirely separate and distinct from any decision on the attachment.  At the November 8, 2018 hearing, after counsel for Shrem offered to put $61,000 in escrow, the Court stated, "I'm going to take you up on that part independent of where I come out on the attachment."  (Hearing Tr. 19:17-18.)  Indeed, WCF's counsel itself distinguished between the escrow deposit and the attachment at the hearing.  After the Court ordered Shrem to deposit $61,000 in escrow, WCF's counsel told the Court that, "if an attachment order issues, I will probably bring a motion for an order to show cause to prompt" the garnishees who did not file garnishee statements to file those statements.  (*Id.* 21:4-8.)  WCF's counsel would, of course, not have continued to advocate for the attachment after Shrem was ordered to make the escrow deposit if he genuinely believed the two to be the same.

Moreover, later at the hearing, the Court again made the distinction explicit by saying it would order an issue on the attachment but "[s]eparate from that though, the escrow deposit

should be made." (*Id.* 24:17-19.)  The fact that the Court required a separate order for the escrow deposit, wholly apart from the attachment order, is further support that the Court intended the escrow deposit to be independent from the attachment.  (*Id.* 24:17-19; Dkt. 57.)

That same day, the Court denied WCF's motion to confirm the attachment in a written order, stating: "After careful consideration, the Court denies plaintiff's motion to confirm the order of attachment and therefore lifts the attachment currently in place, effective immediately."  (Dkt. 52.)  The Court made no mention of the $61,000 escrow deposit anywhere in its order denying the attachment.  (*Id.*)

On November 15, 2018, the Court issued a reasoned order explaining its bottom-line reasons for denying the attachment.  (Dkt. 59.)  The Court found that neither of the substantive grounds under which WCF sought attachment – § 6201(1) and/or § 6201(3) – applied, and held that, since "plaintiff has failed to meet its burden to show grounds for attachment under CPR § 6201, plaintiff's motion for attachment is denied."  (*Id.*)  The Court made no mention of the $61,000 that was placed in escrow anywhere in its November 15 Order.  (*Id.*)

WCF was thus not placed in a better position than Shrem after the hearing and did not "obtain" the $61,000, contrary to its claims.  (*See* Opp. at 1, 4.)  WCF's motion was, in fact, denied.  (Dkts. 52 & 59.)  The $61,000 was placed into escrow, pending judgment – essentially a bond that this Court unequivocally stated was separate and apart from the attachment that WCF was denied.  (Hearing Tr. 19:17-18; 24:17-19; Dkts. 52 & 59.)

WCF is also incorrect that the Court vacated the Order "because of" Shrem's offer to deposit $61,000 into escrow.  (*See* Opp. at 6-7.)  The Court's seven-page opinion denying the attachment is explicit that the attachment was vacated because WCF failed to make the

requisite showing that it was entitled to an attachment under CPLR § 6201 – not because of anything Shrem offered to do.  (Dkt. 59.)

WCF is also inaccurate in stating that its motion was denied on "technical" grounds (nor would that been legally meaningful anyway).  (Opp. at 6-7.)  The Court said no such thing in its order.  Rather, the Court expressly stated that WCF's motion was denied for failure to meet its "burden" under the statute.  (Dkt. 59.)  Nothing could be less technical. *Leslee Travel Inc. v. American Coupon Exchange, Inc*., relied on by WCF (Opp. at 6), is therefore inapposite.  In *Leslee*, the court refused to award attorneys' fees where an attachment was vacated solely because of a foreign corporation's subsequent acquisition of a certificate to do business in New York.  138 Misc.2d 901, 902 (N.Y. City Civ. Ct. 1988).  Unlike in *Leslee*, the attachment here was not denied because of any party's change in legal status.  Rather, the attachment was overturned based on the Court's finding that WCF had failed to meet its burden under CPLR § 6201.  (Dkt. 59.)

2.  **The Court May Not Consider the Amount Attached in Determining Whether Attorneys' Fees Should be Awarded**

WCF's argument that attorneys' fees should not be awarded where the property attached is "de minimis" (Opp. at 4-7) is, quite simply, false.  All applicable law is to the contrary.

CPLR § 6212 is a strict liability statute, requiring attorneys' fees to be awarded to a defendant whose property was wrongfully attached.  *See Globex Int'l., Inc.,* 1999 WL 1211827, at *1 (under Rule 6212(e), a plaintiff is "strictly liable for all costs and damages, including attorneys' fees, caused by wrongful attachment" where property is actually attached).  The statute says nothing about the amount of property attached.  *See* CPLR §

6212.  Rather, as long as the attorneys' fees incurred by the defendant were the "natural and proximate consequence of the wrongful attachment," the plaintiff is liable for them.  *A.C. Israel Commodity Co. v. Banco Do Brasil, S.A*., 50 Misc. 2d 362, 365 (Sup. Ct. 1966).

    *In re Tougher Industries, Inc.* is instructive.  2008 WL 1805806, at *4 (2008).  In *In re Tougher Industries,* the plaintiff made exactly the same argument that WCF makes here, arguing that the amount attached was too small (in that case a negative bank account balance) such that attorneys' fees were unwarranted under Rule 6212.  *Id*. at *3.  The bankruptcy court rejected the argument.  *Id*. at *4.  In making its decision, the court held that the only consideration for a court in determining whether to award attorneys' fees under Rule 6212 was whether property was attached.  *Id*.  The "nature and value" of the property attached was irrelevant.  Specifically, the court held:

> [CPLR § 6212(e)] does mandate compensation of fees to those whose property is wrongfully attached. While the court may decide whether the property is wrongfully attached, it may not consider the nature and value of the property.

*Id*.

    Like the defendant in *In re Tougher Industries*, Shrem's property was wrongfully attached and he incurred attorneys' fees as a result.  And like the defendant in *In re Tougher Industries*, Shrem is entitled to be compensated for those attorneys' fees, regardless of the "nature and value" of the property that was attached.  *See id.*

    Nor is Shrem required to show that he was "actually deprived of the use of his property" or that he suffered any additional "damages flowing from the attachment" in order to be awarded attorneys' fees, as WCF incorrectly argues.  (*See* Opp. at 4-5.)  WCF cites no case that supports either proposition.  All of the cases cited by WCF (Opp. at 5-6) merely

stand for the proposition that a party who has his assets wrongfully attached may sue for wrongful attachment and seek attorneys' fees.[1]

Contrary to WCF's assertions, the American Rule that each party bear his or her own costs does not preclude that Shrem be awarded attorneys' fees. (*See* Opp. at 4.) The case WCF cites in support of this argument, *Baker v. Health Management System, Inc*., stands only for the proposition that attorneys' fees may be awarded to the prevailing party, where, as here, they are permitted by agreement, statute or court rule. 98 N.Y.2d 80, 88 (2002).

There is also nothing "unjust" about requiring WCF to pay the attorneys' fees the statute requires. (*See* Opp. at 4.) Shrem was forced to expend substantial funds defending himself against WCF's meritless motion for attachment, and had, among other things, his assets and livelihood placed in jeopardy. He is entitled to an award of attorneys' fees as a matter of law. *See Correspondent Servs. Corp. v. J.V.W. Invs. Ltd*., 2015 F. Supp. 2d 191, 204 (S.D.N.Y. 2002) (vacated on the other grounds in *Correspondent Servs. Corp. v. First Equities Corp. of Florida*, 338 F.3d 119 (2d Cir. 2003) ("an attaching plaintiff is strictly liable for all damages occasioned by a wrongful attachment")).

---

[1] *See AdiPar Ltd. v. PLD Int'l Corp*., 2002 WL 31740622, at *14 (S.D.N.Y. 2002) (a party "who has involuntarily been deprived of the use of its property may bring a wrongful attachment claim under CPLR § 6212(e)"); *Globex Int'l Inc.*, 1999 WL 1211827, at *1 (party entitled to attorneys' fees under Rule 6212(e) where attachment has issued); *Shu Yiu Louie v. David & Chiu Place Rest., Inc.*, 689 N.Y.S.2d 476, 478 (App. Div. 1999) (defendants entitled to seek to recoup losses, including attorneys' fees, caused by improper *ex parte* restraining order); *Provisional Protective Comm. v. Williams*, 121 A.D.2d 271, 273 (1st Dept. 1986) (attorneys' fees available where plaintiff is not entitled to an attachment of defendant's property).

3. **Baker Marquart's Time and Work Descriptions are More Than Adequate for Purposes of This Fees/Costs Motion**

Shrem is seeking an award of fees and costs for a discrete legal project – opposing WCF's motion to confirm the Court's prejudgment attachment Order.  The work Baker Marquart undertook was done over an expedited 12-day time frame and was necessary to protect Shrem's assets and livelihood.

After significant deductions of time spent on this endeavor (Affidavit of Donald Pepperman ("Pepperman Affidavit") ¶ 10), Shrem is simply requesting reimbursement of fees/costs[2], at discounted hourly rates, for fees he expended for 136 combined hours of attorney time and 18 hours of paralegal time.  The number of hours, and Baker Marquart's discounted hourly rates, are specifically set forth in paragraph 11 of the Pepperman Affidavit.

A general and sufficient description of the legal services utilized to successfully oppose WCF's motion to confirm are also described in the Pepperman Affidavit at paragraph 3, as follows:

> (1) review and analysis of the Complaint: (2) investigated, drafted and filed the opposition pleadings to the attachment confirmation motion; (3) conducted extensive factual investigation and legal research; (4) engaged in extensive interaction and communications with Shrem concerning the case; (5) participated in court calls; (6) participated in telephone conferences with WCF's counsel; and (7) attended and participated in the hearing on WCF's motion in New York.

Additionally, Shrem also offered to provide the Court, if requested, with a redacted copy of Baker Marquart's time billing records for this project so it might further apprise the

---

[2] WCF does *not* object to Shrem's request for an award of costs in the amount of $1,053. (Opp. at 7 n.7.)

character and nature of the legal services performed. (Pepperman Affidavit ¶ 12.)[3]  At *no time*
has WCF's counsel requested a copy of those records, but instead now baselessly complains
that the work descriptions provided are "vague."  (*See* Opp. at 8.)  If WCF was genuinely
"troubled" by Shrem's submission, as it now feigns to be, it simply should have asked for the
redacted billing records, or more information.

### 4.  Baker Marquart's Requested Discounted Hourly Rates Are Reasonable

Shrem has more than met his burden of demonstrating that Baker Marquart's hourly
rates for legal services are "in line" with hourly attorney rates for comparable legal services
in this District.  *See Luciano v. Olsten*, 109 F.3d 111, 115 (2d Cir. 1997).  The Second Circuit
has explained that "[t]he reasonable hourly rate is the rate a paying client would be willing to
pay."  *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d
183, 190 (2d Cir. 2011).  As set forth in the Pepperman Affidavit, Shrem actually paid the
requested discounted attorneys' fees to his counsel, Baker Marquart, and more.

Contrary to WCF's protestations and rhetoric, the requested discounted rates are not
"excessive" nor "higher than those typically awarded."  (*See* Opp. at 10.)  The discounted
hourly rates requested by Shrem through this Motion, $580 and $880 an hour for senior
partners, and $265 (junior associate) and $445 per hour (senior associate) are well within the
range of reasonableness for the Southern District.  *See, e.g., In re Merrill Lynch & Co., Inc.
Research Reports Sec. Litig.*, 2007 WL 313474, at *22 (S.D.N.Y. Feb. 1, 2007) (awarding
$850 per hour for partner and $515 for senior associate); *City of Providence v. Aeropostale,
Inc.*, 2014 WL 1883494, at *13 (S.D.N.Y. May 9, 2014) (applying 2013 or 2014 rates,
awarding of $640 - $875 for "partners," $550 - $725 for "of counsels," and $335 - $665 for

---

[3] Redactions were necessary so as not to disclose and attorney-client protected information or
attorney work-product.

"other attorneys," was reasonable); *Cruz v. Zucker*, 2017 WL 1093285, at *3 (S.D.N.Y. March 10, 2017) (this Court awarded $675 hourly rate for partners and $450 per hour for associates with 6 years of experience); *Dimopoulou v. First Unum Life Ins. Co*., 2017 WL 464430, at *3 (S.D.N.Y. Feb. 3, 2017) (awarding hourly rate of $660 for "lead attorney" and $450 for "senior associates."); *Restivo v. Nassau County*, 2015 WL 7734100, at *3 (S.D.N.Y. Nov. 30, 2015) (awarding "$700 per hour rate for senior partners").

Nevertheless, WCF argues that Baker Marquart's "rates far exceed those justified in the Southern District" and then attempts to support that claim by citing to a few cases it obviously cherry-picked which awarded hourly rates less than those sought by Shrem (*See* Opp. at 9-10.)  It is also telling that WCF does not point to its own counsel's rates as a counterpoint because surely they are in the same range as Baker Marquart's, if not higher. The opinions WCF relies on, however, as shown above, fall on the low side of the spectrum. WCF next argues incorrectly that Shrem is asking for an "upward departure from the norm." (Opp. at 10.)  This is simply not the case – Shrem is merely requesting, pursuant to a mandatory fee-shifting statute, that he be partially reimbursed for the fees/costs he was wrongfully forced to expend to defend himself successfully.

WCF inexplicably directly attacks Donald Pepperman (Baker Marquart senior partner) who the Court has admitted *pro hac vice* in this matter for not being "licensed in New York."  (Opp. at 11.)  First, being barred in New York is not a requirement for an attorneys' fee award.  Moreover, Mr. Pepperman was previously admitted *pro hac vice* in the Southern District of New York to litigate a complex antitrust case against Apple Inc. and other defendants before Judge Denise Cote (*Abbey House Media, Inc. v. Apple Inc.,* Case No. 14CV2000 DLC.)  And he has been a litigator for 30-plus years and has competently handled

complex business litigation matters and trials in various district courts across the country, including in New York.

WCF also tries to deliver an unwarranted blow to Teresa Huggins' (Baker Marquart senior associate) credentials and qualifications. (*See* Opp. at 11.) Ms. Huggins is a Harvard Law School graduate, externed at the U.S. Attorney's office in the Eastern District of New York, and worked as both a summer associate and a full-time associate at Simpson, Thacher & Bartlett in New York. Despite WCF's inaccurate criticism that she "was just admitted to the New York bar" (Opp. at 11), she was in fact admitted in 2003 and has remained in good standing ever since. Indeed, at the November 8 hearing on the attachment, lead counsel for Shrem notified the Court that "With me is Teresa Huggins, who is also applying to be admitted in the Southern District and is awaiting, but she is admitted to the New York Bar." (Hearing Tr. 2:11-14.)

### 5. The Hours Expended by Baker Marquart Were Reasonable and Necessary

The requested fees are reasonable and necessary, regardless of WCF's claims. Shrem only seeks "attorneys' fees for those services which, at the time rendered, would have been undertaken by a reasonable and prudent trial attorney to advance or protect Shrem's interests in the pursuit of his successful opposition to WCF's motion." (Pepperman Affidavit ¶ 9.) Further, counsel avers that the claimed hours "are inherently conservative and reasonable." (*Id.*) To render Shrem's request even more conservative, "over 50 hours of attorney time that was billed to Shrem and over 22 hours of paralegal time" were deducted. (*Id.* ¶ 10.)

WCF's first criticism of this approach is that Shrem is "seeking recovery for time spent unrelated to fighting the attachment" such as "'review and analysis of the Complaint.'" (Opp. at 9.) This challenge is absurd. No reasonable or prudent attorney would undertake to

10

oppose an attachment motion without first reviewing the operative complaint to assess and evaluate what causes of action have been asserted, and which might justify a prejudgment attachment.

Next, WCF contends that time spent by counsel conferring with the client Shrem about the attachment (which was a surprise to him) and the allegations of the formerly sealed Complaint, and possible defenses and counter-arguments, should not be included.  (Opp. at 12.)  Such an argument is fatuous and misplaced.  Counsel cannot competently represent a client at the filing stage without discussing the nature and background of the case.

Finally, without any support, WCF argues that Shrem is claiming attorney time in his motion for preparation for "filing the motion to dismiss."  (Opp. at 12.)  This assertion and/or assumption is flat wrong and indeed no mention of the later filed motion to dismiss is in the Pepperman Affidavit.  Shrem is not seeking recovery for any fees or costs tied to the motion to dismiss.

### Conclusion

Based on the foregoing and the underlying motion, Shrem respectfully requests that his request for attorneys' fees and costs be granted.

Dated: January 11, 2019                    Respectfully Submitted,

                                                    /s/ Donald R. Pepperman
                                           _____

                                           Brian E. Klein
                                           Donald R. Pepperman (*pro hac vice*)
                                           Baker Marquart LLP

                                           *Attorneys for Charlie Shrem*

11