UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WINKLEVOSS CAPITAL FUND, LLC,  :    18-cv-8250 (JSR)

           Plaintiff,  :
   v.                                     **JURY TRIAL DEMANDED**
                                        :

CHARLES SHREM,
                                        :
           Defendant.
-------------------------------------------------------x

**DEFENDANT CHARLES SHREM'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT OF PLAINTIFF WINKLEVOSS CAPITAL FUND, LLC**

Defendant Charlie Shrem ("Shrem"), incorrectly sued as "Charles Shrem" and individually rather than BitInstant, LLC ("BitInstant"), by and through his undersigned counsel, responds to Plaintiff Winklevoss Capital Fund, LLC's ("WCF's") Complaint in numbered paragraphs corresponding to the numbered paragraphs of the Complaint.

**ANSWER**

**Nature of the Action**

1. Paragraph 1 and its footnotes contain arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and, on that basis, denies them.

2. Paragraph 2 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and, on that basis, denies them.

1

3. The allegations in paragraph 3 and its footnotes are a summary of the action for which no response is required. To the extent a response is required, Shrem denies the allegations except admits that WCF's Complaint purports to allege claims for breach of fiduciary duty and fraud and seeks the imposition of a constructive trust.

**Jurisdiction and Venue**

4. Admit that the parties to this action are currently citizens of different states. Except as expressly admitted, Shrem denies each and every allegation of paragraph 4.

5. Admit.

**Parties**

6. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and, on that basis, denies them.

**Facts Giving Rise to the Action**

7. Admit that Shrem is a citizen of Florida, an early bitcoin adopter and the former CEO of BitInstant. Admit also that in 2016, Shrem moved with his wife to Sarasota, Florida, where he purchased a home and now lives. Because the case *USA v. Faiella, et al.*, S.D.N.Y. Case No. 14-CR-243, Dkt. No. 61 (Rakoff, J.) has nothing to do with this case, the allegations of paragraph 7 pertaining to that case are irrelevant and no further response is required. To the extent a response is required, Shrem denies each and every allegation of paragraph 7.

8. Shrem is without knowledge or information sufficient to form a belief as to when Cameron and Tyler Winklevoss began to investigate investing in virtual currency. Shrem otherwise admits the allegations in paragraph 8.

9. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and, on that basis, denies them.

10. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and, on that basis, denies them.

11. Admit that Shrem met the Winklevoss brothers in August 2012. Except as expressly admitted, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and, on that basis, denies them.

12. Admit that Shrem was a founding member of Bitcoin Foundation. Paragraph 12 otherwise contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem denies each and every allegation of paragraph 12, except as otherwise expressly admitted.

13. Admit that BitInstant provided an online platform for buying and selling bitcoin and that it ceased operations on or before July 2013. Admit that Shrem, on behalf of BitInstant, sought investment in BitInstant from the Winklevoss brothers.

14. Admit that the Winklevoss brothers approached Shrem about buying bitcoin, and he told them to use BitInstant for that purpose. Paragraph 14 otherwise contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and, on that basis, denies them, except as otherwise expressly admitted.

15. Paragraph 15 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 15, and, on that basis, denies them.

16. Admit that Shrem, on behalf of BitInstant, sought investment in BitInstant and agreed to purchase bitcoin at the request of the Winklevoss brothers. Paragraph 16 otherwise contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and, on that basis, denies them, except as otherwise expressly admitted.

17. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 17, and, on that basis, denies them.

18. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and, on that basis, denies them.

19. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and, on that basis, denies them.

20. Paragraph 20 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and, on that basis, denies them.

21. Paragraph 21 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and, on that basis, denies them.

22. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and, on that basis, denies them.

23. Admit that an accounting of figures was provided. Paragraph 23 otherwise contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem denies each and every allegation of paragraph 23, except as otherwise expressly admitted.

24. Admit that an accounting of figures was provided. Paragraph 24 otherwise contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and, on that basis, denies them, except as otherwise expressly admitted.

25. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and, on that basis, denies them.

26. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and, on that basis, denies them.

27. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and, on that basis, denies them.

28. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and, on that basis, denies them.

29. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and, on that basis, denies them.

30. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and, on that basis, denies them.

31. Paragraph 31 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and, on that basis, denies them.

32. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and, on that basis, denies them.

33. Admit that Shrem, on behalf of BitInstant, met with Matthew Gruchevsky on February 27, 2013. Shrem is without knowledge or information sufficient to form a belief as to what is meant by "general understanding" and "business model" in the allegations in paragraph 33, and, on that basis, denies them, except as otherwise expressly admitted.

34. Paragraph 34 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and, on that basis, denies them.

35. Admit that a copy of the Paukner firm's report is attached to the Complaint as Exhibit A. Except as expressly admitted, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and its footnote, and, on that basis, denies them.

36. Paragraph 36 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and, on that basis, denies them.

37. Admit that Cameron and Tyler Winklevoss introduced Matthew Mellon to Shrem. Except as expressly admitted, Shrem is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and, on that basis, denies them.

38. Paragraph 38 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem denies each and every allegation of paragraph 38.

39. Shrem is without knowledge or information sufficient to form a belief as to the allegations in paragraph 39, and, on that basis, denies them.

40. Deny.

41. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and, on that basis, denies them.

42. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 42, and, on that basis, denies them.

43. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 43, and, on that basis, denies them.

44. Paragraph 44 and its footnote contain arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and, on that basis, denies them.

45. Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and its footnote, and, on that basis, denies them.

46. Paragraph 46 contains arguments, opinions and legal conclusions that require no response. To the extent a response is required, Shrem is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and its footnote, and, on that basis, denies them.

47. Admit that the quotations in paragraph 47 are accurately quoted from the cited publications. Except as expressly admitted, Shrem denies each and every allegation of paragraph 47.

48. Admit that the quotations in paragraph 48 are accurately quoted from the cited publications. Except as expressly admitted, Shrem denies each and every allegation of paragraph 48.

**First Claim for Relief (Breach of Fiduciary Duty)**

49. In response to paragraph 49, Shrem repeats and reasserts his responses to paragraphs 1 through 48 above.

50. Paragraph 50 contains legal conclusions, arguments and opinions that require no response. To the extent a response is required, Shrem denies each and every allegation of paragraph 50.

51. Deny.

52. Deny.

53. Deny.

**Second Claim for Relief (Fraud)**

54. In response to paragraph 54, Shrem repeats and reasserts his responses to paragraphs 1 through 53 above.

55. Paragraph 55 contains legal conclusions, arguments and opinions that require no response.  To the extent a response is required, Shrem denies each and every allegation of paragraph 55.

56. Deny.

57. Paragraph 57 contains legal conclusions, arguments and opinions that require no response.  To the extent a response is required, Shrem denies each and every allegation of paragraph 57.

58. Paragraph 58 contains legal conclusions, arguments and opinions that require no response.  To the extent a response is required, Shrem denies each and every allegation of paragraph 58.

59. Deny.

60. Deny.

**Third Claim for Relief (Imposition of a Constructive Trust)**

61. In response to paragraph 61, Shrem repeats and reasserts his responses to paragraphs 1 through 60 above.

62. Paragraph 62 contains legal conclusions, arguments and opinions that require no response.  To the extent a response is required, Shrem denies each and every allegation of paragraph 62.

63. Deny that Shrem individually acted on WCF's behalf.  Paragraph 63 otherwise contains legal conclusions, arguments and opinions that require no response.  To the extent a response is required, Shrem denies each and every allegation of paragraph 63.

64. Paragraph 64 contains legal conclusions, arguments and opinions that require no response. To the extent a response is required, Shrem denies each and every allegation of paragraph 64.

65. Deny.

66. Deny.

**Fourth Claim for Relief (Accounting)**

67. In response to paragraph 67, Shrem repeats and reasserts his responses to paragraphs 1 through 66 above.

68. Deny.

69. Paragraph 69 contains legal conclusions, arguments and opinions that require no response. To the extent a response is required, Shrem denies each and every allegation of paragraph 69.

70. Paragraph 70 contains legal conclusions, arguments and opinions that require no response. To the extent a response is required, Shrem denies each and every allegation of paragraph 70.

71. Paragraph 71 contains legal conclusions, arguments and opinions that require no response. To the extent a response is required, Shrem denies each and every allegation of paragraph 71.

## AFFIRMATIVE DEFENSES

Shrem's affirmative defenses are set forth below. In so pleading, Shrem does not assume the burden of establishing any fact or proposition where the burden is properly imposed on WCF. Shrem reserves the right to amend his Answer and Affirmative Defenses, including to modify and/or add additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The improper party was sued because Shrem was sued individually rather than BitInstant.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver, abandonment, estoppel and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of unclean hands and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this dispute.

## SIXTH AFFIRMATIVE DEFENSE

WCF lacks Article III standing to bring some or all of its claims.

## SEVENTH AFFIRMATIVE DEFENSE

WCF's claims are barred by one or more applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

WCF failed to mitigate its purported damages.

## NINTH AFFIRMATIVE DEFENSE

No fiduciary relationship existed between the parties.

## TENTH AFFIRMATIVE DEFENSE

WCF is precluded from any recovery because it has sustained no damage at all, including punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

No basis in contract, case law, or statute exists for WCF's claim for an award of attorneys' fees and costs.

### TWELFTH AFFIRMATIVE DEFENSE

No basis in contract, case law, or statute exists for WCF's claim for the imposition of a constructive trust.

### THIRTEENTH AFFIRMATIVE DEFENSE

No basis in contract, case law, or statute exists for WCF's claim for an accounting.

### FOURTEENTH AFFIRMATIVE DEFENSE

WCF's claims are barred, in whole or in part, because Shrem at all times acted with reasonable business justification.

### FIFTEENTH AFFIRMATIVE DEFENSE

WCF's claims are barred, in whole or part, because Shrem acted in good faith, exercised reasonable care, and complied with any duties owed to WCF with respect to matters alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

WCF's alleged damages are too remote, uncertain or speculative to allow recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

WCF would be improperly and unjustly enriched were it allowed to recover any relief.

### EIGHTEENTH AFFIRMATIVE DEFENSE

WCF's claims are barred, in whole or in part, by reasons of its own conduct, acts and omissions.

### NINETEENTH AFFIRMATIVE DEFENSE

WCF's alleged damages are barred, in whole or in part, by the out-of-pocket rule.

### TWENTIETH AFFIRMATIVE DEFENSE

WCF's alleged damages are barred, in whole or in part, by the highest intermediate price rule.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

All or some of WCF's claims are barred, in whole or in part, by the unavailability of the relief requested, including, without limitation, the unavailability of punitive damages and/or attorneys' fees.

\*\*\*

### JURY DEMAND

Shrem demands a jury trial on all issues so triable.

\*\*\*

### PRAYER FOR RELIEF

WHEREFORE, Shrem requests that the Court:

1. Dismiss WCF's Complaint with prejudice;

2. Enter judgment in favor of Shrem and against WCF on the Complaint;

3. Award Shrem reasonable attorneys' fees as permitted by law;

4. Award Shrem his costs; and

5. Award Shrem such other relief as the Court deems just and proper.

Dated: January 14, 2019　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Brian E. Klein

　　　　　　　　　　　　　　　　　　　　Brian E. Klein
　　　　　　　　　　　　　　　　　　　　Donald R. Pepperman (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Baker Marquart LLP
　　　　　　　　　　　　　　　　　　　　777 S. Figueroa St., Suite 2850
　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90017
　　　　　　　　　　　　　　　　　　　　Tel.: (424) 652-7800/Fax: (424) 652-7850
　　　　　　　　　　　　　　　　　　　　E-mail: bklein@bakermarquart.com
　　　　　　　　　　　　　　　　　　　　E-mail: dpepperman@bakermarquart.com