# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINKLEVOSS CAPITAL FUND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SHREM,<br><br>Defendant. | Case No. 18-CV-8250 (JSR)<br><br>**AFFIDAVIT OF SAM FERGUSON IN SUPPORT MOTION TO QUASH SUBPOENAS** |

I, Sam Ferguson, hereby declare as follows:

1. I am member of the California Bar and a senior attorney at the Meade Firm p.c., counsel for Plaintiff Winklevoss Capital Fund, LLC ("WCF"). I have a pro hac vice appearance in the above-captioned matter. Except as to matters stated on information and belief, I have personal knowledge of the information referenced herein and could competently testify as to its truth if called to do so. As to matters stated on information and belief, I am informed and believe them to be true.

2. Attached hereto as Exhibit A are true and correct copies of subpoenas directed at seven entities to be served by Defendant Shrem.

3. During a meet and confer with Shrem's counsel and subsequent phone conference with Judge Rakoff's chambers to determine a schedule on the instant motion to quash, I understood that Shrem's counsel represented that they sought the requested discovery for the purpose of establishing that WCF had enough assets to purchase additional bitcoin to cover for Shrem's loss around the time of Shrem's theft.

4. On the morning of January 23, 2019, I sent Shrem's counsel an email offering to work out a stipulation on WCF's financial ability to purchase bitcoin to cover for the loss caused by Shrem, which would obviate their stated need for the discovery.

5. Late that same day, Shrem's counsel offered a variety of new reasons for the supposed relevance of their discovery request.

6. A true and correct copy of that email chain is attached hereto as Exhibit B.

7. A true and correct copy of WCF's Objections and Response to Shrem's First Request for Production of Documents, propounded November 15, 2018, is attached hereto as Exhibit C.

8. A true and correct copy of Shrem's Second Request for Production of Documents, propounded January 15, 2019, is attached hereto as Exhibit D.

9. On January 22, 2019, Shrem's counsel Teresa Huggins confirmed via email that they would not open any records obtained pursuant to Shrem's third-party subpoenas until a ruling issues from this Court, as they had represented on a phone call with chambers earlier that day.

10. Shrem has noticed the individual depositions Cameron and Tyler Winklevoss, as well as Matthew Gruchevsky, scheduled for February 4, 5 and 7.

11. In addition to voluminous documents already produced (including BitInstant bank records reflecting receipt of funds from WCF, an accounting authored by Shrem acknowledging receipt of $750,000 from WCF to buy bitcoin, and emails between Shrem and WCF's accountants about wires from WCF to Shrem to purchase bitcoin), WCF will produce bank records reflecting that WCF sent BitInstant $750,000 between September 2012 and February 2013 from which Shrem had to buy bitcoin on WCF's behalf.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge.

Executed on January 24, 2019 in San Francisco, California.

_____
Sam Ferguson