# Exhibit C

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINKLEVOSS CAPITAL FUND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SHREM,<br><br>Defendant. | Case No.  18-cv-8250 (JSR)<br><br>**PLAINTIFF WINKLEVOSS CAPITAL FUND, LLC'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Propounding Party: Charles Shrem

Responding Party: Winklevoss Capital Fund, LLC

Response to Set Number: One

Plaintiff Winklevoss Capital Fund, LLC ("Plaintiff" or "WCF") hereby responds to Defendant Charles Shrem's (the "Propounding Party" or "Shrem") First Request for the Production of Documents.

## <u>GENERAL OBJECTIONS</u>

1.      Plaintiff objects to the requests insofar as they fail to state with sufficient particularity the information and categories of information sought.

2.      Plaintiff objects to these requests insofar as they seek or require disclosure of information that is protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity. The inadvertent production of any information protected by an applicable privilege or doctrine, or to whose disclosure is otherwise objected, is not intended to constitute, and shall not constitute, a waiver in whole or in part of any privilege doctrine or objection.

3.      Plaintiff objects to these requests insofar as they are overbroad and unduly burdensome.

4.      Plaintiff objects to these requests insofar as they are vague or ambiguous.

5.      In responding to these requests, Plaintiff intends to preserve, and not waive, the following:

a.      All objections to the competency, relevancy, materiality and admissibility of any of the requests and their subject matter;

b.      All objections to the vagueness, ambiguity or other infirmity in the form of any of the requests, and any objections based on the undue burden imposed by them;

c.      All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

d.      All rights to object on any ground to any other discovery requests involving or related to the subject matter of the requests;

e.      The right to supplement responses to the requests before trial; and

f.      Any and all privileges and rights under applicable rules of Federal law or State law.

6.      Insofar as Plaintiff provides information or documents in response to these requests, such information and production shall not constitute a waiver of any objection to the relevancy of such information or documents, all such objections being expressly reserved.


## RESPONSES TO REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS which describe, mention, explain or support YOUR contention that "[b]etween September 2012 and February 2013, Plaintiff WCF entrusted Defendant Shrem with a total of $750,000 to purchase bitcoin . . . on its behalf," as alleged in paragraph 1 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS which describe, mention, explain or support YOUR contention that "Shrem was given complete and absolute discretion over the execution of bitcoin purchases for WCF, including where and when to buy bitcoin," as alleged in paragraph 1 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by

attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS which describe, mention, explain or support YOUR contention that "WCF placed complete and absolute confidence in Shrem," as alleged in paragraph 1 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS which describe, mention, explain or support YOUR contention that "WCF . . . entrusted him [Shrem] to properly invest its funds in bitcoin," as alleged in paragraph 1 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by

attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF . . . entrusted him [Shrem] . . . to provide an accounting," as alleged in paragraph 1 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "[o]f $250,000 sent to Shrem between September and October 2012, Shrem has only accounted for approximately $189,000 worth of bitcoin," as alleged in paragraph 2 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by

attorney-client privilege and attorney work product immunity. Without waiving the foregoing

objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that

$61,000 "would have purchased 5,000 bitcoin at the time," as alleged in paragraph 2 of the

COMPLAINT.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set

forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant

and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent

the request seeks privileged information, including but not limited to documents shielded by

attorney-client privilege and attorney work product immunity. Without waiving the foregoing

objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that

"Shrem used the $61,000 to purchase 5,000 bitcoin *for himself*," as alleged in paragraph 2 of the

COMPLAINT.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set

forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant

and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent

the request seeks privileged information, including but not limited to documents shielded by

Case 1:18-cv-08250-JSR   Document 94-4   Filed 01/24/19   Page 8 of 33


attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF identified a transaction on the Bitcoin blockchain on December 31, 2012 that records 5,000 bitcoin sent to a Bitcoin address controlled by Shrem," as alleged in paragraph 2 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from its investigation into the December 31, 2012 5,000 bitcoin transaction as described in paragraph 2 of the Complaint.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF placed great confidence in him [Shrem]," as alleged in paragraph 14 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that WCF "left him [Shrem] with complete and absolute discretion over how to acquire bitcoin, including where and when to buy," as alleged in paragraph 14 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS which describe, explain, mention or support YOUR contention WCF that "[i]n reliance on Shrem's reputation as a Bitcoin expert . . . WCF sent Shrem a total of $750,000 between September 2012 and February 2013," as alleged in paragraph 20 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

  Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 13:**

  All DOCUMENTS which describe, explain, mention or support YOUR contention WCF acted in reliance on "Shrem's representations that he would secure bitcoin for WCF at the best price," as alleged in paragraph 20 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 13:**

  Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 14:**

  All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF ceased working with Shrem and continued to acquire additional bitcoin in the open market," as alleged in paragraph 21 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "[w]hen Shrem finally provided one months after WCF requested it, the accounting was incomplete," as alleged in paragraph 23 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "[u]nder no possible circumstances did Shrem's figures adequately account for the bitcoin

acquired for and sent to WCF in September and October 2012," as alleged in paragraph 36 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Cameron and Tyler Winklevoss introduced Matthew Mellon to Shrem," as alleged in paragraph 37 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem . . . purchased bitcoin for [Matthew] Mellon as well," as alleged in paragraph 37 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "[Matthew] Mellon too noticed a shortfall in the bitcoin actually delivered," as alleged in paragraph 37 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem never provided an accurate accounting because, in fact, he stole the 5,000 bitcoin that rightfully belonged to WCF," as alleged in paragraph 40 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF has repeatedly confronted Shrem about the missing bitcoin," as alleged in paragraph 46 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by

attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem has been unable to provide a proper accounting or explanation," as alleged in paragraph 46 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem promised to purchase bitcoin for WCF at the best price," as alleged in paragraph 50 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by

attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem also promised to provide an accounting for those purchases," as alleged in paragraph 50 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem became a fiduciary of WCF with respect to the purchase of bitcoin on its behalf," as alleged in paragraph 50 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by

attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem was required to act with the utmost good faith and undivided loyalty on behalf of Plaintiff WCF with respect to the money entrusted to Shrem to purchase bitcoin," as alleged in paragraph 51 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem breached his fiduciary duties by failing to properly account for WCF's $750,000," as alleged in paragraph 52 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent

the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem breached his fiduciary duties . . . by purchasing 5,000 bitcoin for himself using WCF's money," as alleged in paragraph 52 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that Shrem knew his statement "to purchase bitcoin for WCF at the best price" was "false at the time he made" it, as alleged in paragraphs 55-56 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that Shrem knew his statement "provide an accounting for such purchases" was "false at the time he made" it, as alleged in paragraphs 55-56 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about

Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF sent Defendant Shrem $750,000 in reliance on his statements that he would purchase bitcoin for WCF at the best price and that he would provide an accounting," as alleged in paragraph 57 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF reasonably relied on Shrem's statements when he promised to purchase bitcoin for it at the best price because Shrem was known at the time as an upstanding member of the Bitcoin community," as alleged in paragraph 58 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF was injured by Defendant Shrem's representation that he would purchase bitcoin for WCF at the best price and provide an accounting," as alleged in paragraph 59 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF has been deprived of 5,000 bitcoin that it would have received were it not for Shrem's fraud," as alleged in paragraph 59 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 34:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant

and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "Shrem was unjustly enriched in the amount of 5,000 bitcoin," as alleged in paragraph 65 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 35:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that "WCF stood in a confidential relationship of trust with Defendant Shrem when it entrusted to Shrem $750,000 to buy bitcoin on its behalf," as alleged in paragraph 68 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 36:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS which describe, explain, mention or support YOUR contention that SHREM committed any of the wrongful, fraudulent and/or unlawful conduct alleged in the COMPLAINT.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about

Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS which constitute, discuss, embody, mention, memorialize, analyze, reflect or refer to any COMMUNICATIONS between YOU and SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce all communications between Plainitff, Shrem and/or BitInstant.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS which mention, memorialize, reflect or refer to any oral agreements between YOU and SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS which constitute, discuss, embody, mention, memorialize, analyze, reflect or refer to any written agreements between YOU and SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS which constitute, memorialize, mention, reflect or refer to any investigation YOU caused to be conducted concerning SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about

Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS which mention, analyze or refer to SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 42:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014. In addition, Plaintiff will produce non-privileged investigatory documents it has obtained about Shrem's assets. Plaintiff's investigation remains ongoing and Plaintiff will supplement this response if additional documents about Shrem's assets are acquired.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS which reflect, regard, constitute, embody, memorialize or refer to any COMMUNICATIONS between YOU any other person or entity concerning or regarding SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 43:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks

privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 44:**

All non-privileged DOCUMENTS which reflect, regard, constitute, embody, memorialize or refer to any COMMUNICATIONS YOU have had with any other person or entity concerning this litigation.

**RESPONSE TO REQUEST NO. 44:**

The request is overbroad, harassing, not likely to lead to the discovery of admissible evidence and irrelevant. Plaintiff will not produce any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS which constitute, memorialize, reflect, mention or refer to all COMMUNICATIONS YOU have had with any governmental agency, bureau, division, or department which mention, discuss, reference or relate to SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent this request seeks documents protected by attorney-client privilege and/or the work product doctrine. Plaintiff finally objects to the extent this request seeks information that may be protected by applicable law enforcement privileges. Plaintiff will not produce any documents in response to this request.

**REQUEST FOR 43PRODUCTION NO. 46:**

All DOCUMENTS which constitute notes of any meetings taken by YOU during any meeting or session with SHREM.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS which constitute, memorialize, reflect, mention or refer to all accounting records relating to any transaction between YOU and SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 47:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS which reflect, mention, memorialize, track, record or relate to any funds or things of value YOU provided or transferred to SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS which constitute, reflect, mention, explain, outline or refer to any instructions or directions YOU provided to SHREM and/OR BITINSTANT.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS which constitute, reflect, mention, embody or refer to any audit YOU caused to be conducted concerning or regarding SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 50:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS which constitute, embody, reflect, record or refer to any COMMUNICATIONS between YOU and MELLON concerning or regarding SHREM and/or BITINSTANT.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff incorporates by reference as if fully set forth herein the General Objections set forth above. Plaintiff further objects to this request to the extent it seeks documents irrelevant and unnecessary to any legitimate claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request seeks privileged information, including but not limited to documents shielded by attorney-client privilege and attorney work product immunity. Without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents from 2012 through 2014.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS used, referenced or relied upon by YOU, or YOUR counsel, in responding to these Requests.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff will not provide any documents in response to this request.


DATED:  November 17, 2018          Respectfully submitted,


                                   By: */s/ Tyler Meade*_____

                                   Tyler Meade
                                   Sam Ferguson
                                   Seena Forouzan
                                   THE MEADE FIRM P.C.
                                   California Office:
                                        12 Funston Avenue, Ste. A
                                        San Francisco, CA 94129
                                   New York Office:
                                        111 Broadway, Suite 2002
                                        New York, NY 10006
                                   Telephone: (510) 843-3670
                                   Facsimile: (510) 843-3679
                                   tyler@meadefirm.com
                                   sam@meadefirm.com
                                   seena@meadefirm.com

                                   Attorneys for Plaintiff

## PROOF OF SERVICE

*Winklevoss Capital Fund, LLC v. Charles Shrem*
United States District Court, Southern District of New York
Case No.  1:18-cv-8250 (JSR)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, in the County of San Francisco, State of California.  I am over the age of 18, and not a party to this action.  My business address is 12 Funston Avenue, Suite A, San Francisco, California 94129. On the date set forth below, I served the following document(s):

**PLAINTIFF WINKLEVOSS CAPITAL FUND, LLC'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

On all interested parties in this action as follows:

>**VIA EMAIL:**
>Brian Klein, Esq. (*bklein@bakermarquart.com*)
>Donald Pepperman, Esq. (*dpepperman@bakermarquart.com*)
>Teresa Huggins, Esq. (*thuggins@bakermarquart.com*)
>Baker Marquart LLP
>777 S. Figueroa Street, Suite 2850
>Los Angeles, CA 90017

[] (BY ECF) By electronically filing the foregoing through the ECF system which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on or before December 17, 2018.

[**X**] (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[] (BY MAIL) I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.  I sealed said envelope(s) and

- 1 -

placed it for collection and mailing on the date indicated below, following ordinary business practices.

[] (BY FACSIMILE) I caused the aforementioned document(s) to be transmitted by Facsimile machine to the facsimile number(s) indicated for the person(s) identified above.

[] (BY FEDERAL EXPRESS) I caused the aforementioned envelope(s) to be delivered to Federal Express for overnight courier service to the address(es) listed above for the person(s) identified above.

[] (PERSONAL SERVICE) I caused the aforementioned envelope(s) to be delivered by hand to the address(es) listed above for the person(s) identified above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on December 17, 2018 in San Francisco, California.

/s/ Seena Forouzan
Seena Forouzan

- 2 -