# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WINKLEVOSS CAPITAL FUND, LLC,    :        18-cv-8250 (JSR)

              Plaintiff,    :
   v.
                                       :
CHARLES SHREM,
                                       :
              Defendant.
-------------------------------------------------------x

**DEFENDANT CHARLES SHREM'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO
PLAINTIFF WINKLEVOSS CAPITAL FUND, LLC**

BRIAN E. KLEIN
DONALD R. PEPPERMAN (*pro hac vice*)
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Tel: (424) 652-7800
bklein@bakermarquart.com
dpepperman@bakermarquart.com

*Attorneys for Charlie Shrem*

1

**PROPOUNDING PARTY:**  Defendant Charlie Shrem

**RESPONDING PARTY:**   Plaintiff Winklevoss Capital Fund, LLC

**SET NUMBER:**         Second (2)

## DEFINITIONS

1. "DOCUMENT(S)" refers to all documents and electronically stored information as provided in Federal Rule of Civil Procedure 34(a)(1)(A), "including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form," and includes, but is not limited to, COMMUNICATIONS.

2. "WCF" refers to the Winklevoss Capital Fund, LLC, or anyone acting for or on its behalf.

## INSTRUCTIONS

1. The Requests call for the production of all DOCUMENTS available to YOU, including all DOCUMENTS in the possession, custody or control of YOU, YOUR former or current officers, directors, agents, employees, representatives, or any other person or entity acting on YOUR behalf or under YOUR attorneys' employment, direction or control. DOCUMENTS produced for inspection shall be produced as they are kept in the usual course of business.

2. If any responsive DOCUMENT was, but is no longer, in YOUR possession,

custody or control, identify its current or last known custodian, the location/address of each such Document, and describe in full why the DOCUMENT is no longer in existence or within YOUR possession, custody or control.

3. If YOU are asserting that all or part of the DOCUMENTS called for in response to any Request is privileged, specify the grounds for such an assertion, identify the allegedly privileged DOCUMENTS in a privilege log by date, author(s) and position or title of author(s), recipient(s) and position or title of recipient(s), general subject matter, the number of pages of the document, whether non-privileged or non-protected information is included in the document, and present location, and provide all other DOCUMENTS responsive to the Requests which do not fall within YOUR claim of privilege.

4. Where only a portion of a DOCUMENT is privileged, produce as much of the DOCUMENT as possible and redact only those portions of the DOCUMENT YOU consider to be privileged. Identify where the redaction has been made by stamping or writing the word "Redacted" where the Information has been deleted.  Separately log each redaction on the privilege log.

5. In the event that YOU object to any of the Requests on the basis of a contention that it is overbroad for any reason, respond to that request in such a way as to render it not overbroad in YOUR opinion, and state the extent to which YOU have narrowed that request for purposes of YOUR response.

6. The singular form shall include the plural and vice versa wherever such dual construction will serve to achieve the fullest disclosure of DOCUMENTS. Similarly, any verb used in any tense shall be read to mean such verb in all of its tenses. The words "and"

and "or" should be construed as both disjunctive and conjunctive, and "any" and "all" are used herein to also include "each" and "every."

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS reflecting all purchases of cryptocurrency, including bitcoin, made by WCF in 2012 and 2013.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS reflecting all purchases of cryptocurrency, including bitcoin, made by Gemini Trust Company, LLC in 2012 and 2013.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting all purchases of cryptocurrency, including bitcoin, made by Winklevoss Capital Management, LLC in 2012 and 2013.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting all purchases of cryptocurrency, including bitcoin, made by Winklevoss Bitcoin Trust in 2012 and 2013.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting all purchases of cryptocurrency, including bitcoin, made by Maguire Ventures, LLC in 2012 and 2013.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS reflecting all purchases of cryptocurrency, including bitcoin, made by Cameron Winklevoss in 2012 and 2013.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS reflecting all purchases of cryptocurrency, including bitcoin, made by Tyler Winklevoss in 2012 and 2013.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS reflecting WCF's accounting books for the time period 2012-2014.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting WCF's state and federal tax returns for the time period 2012-2014.

Dated: January 15, 2019			Respectfully Submitted,

/s/ Brian E. Klein

Brian E. Klein
Donald R. Pepperman (*pro hac vice*)
Baker Marquart LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Telephone: (424) 652-7800 / Fax: (424) 652-7850
E-mail: bklein@bakermarquart.com
E-mail:  dpepperman@bakermarquart.com

## **PROOF OF SERVICE**

I, Teresa L. Huggins, am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2850, Los Angeles, CA 90017.

On January 15, 2019, I served true copies of the document(s) described as:

**DEFENDANT CHARLES SHREM'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF WINKLEVOSS CAPITAL FUND, LLC**

on the parties in this action as follows:
Tyler Meade, Esq.
Sam Ferguson, Esq.
Seena Forouzan, Esq.
The Meade Firm
12 Funston Avenue, Suite A
San Francisco, CA 94129
tyler@meadefirm.com
sam@meadefirm.com
seena@meadefirm.com

[ X ]   BY ELECTRONIC MAIL:
I caused the document to be sent to the respective e-mail addresses of the parties. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   BY FIRST CLASS U.S. MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 15, 2019, at Los Angeles, California.

*/s/ Teresa Huggins*
Teresa L. Huggins