UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINKLEVOSS CAPITAL FUND, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>CHARLES SHREM,<br><br>          Defendant. | Case No.  18-cv-8250 (JSR)<br><br>**PLAINTIFF WINKLEVOSS CAPITAL FUND, LLC'S SUR REPLY TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

i

**TABLE OF CONTENTS**

I .     INTRODUCTION ………………………………………………………………. 1

II.    LEGAL STANDARD…....………………………………………………………. 1

III.   ARGUMENT.……………………………………………………………………. 2

IV    CONCLUSION.…………………………………………………………………. 3

# TABLE OF AUTHORITIES

CASES

*A. C. Israel Commodity Co. v. Banco Do Brasil, S.A.*, 270 N.Y.S.2d 283, 286 (Sup. Ct. 1966)..1

*Penberg v. Healthbridge Mgmt.,* 2011 WL 1100103, at *9 (E.D.N.Y. Mar. 22, 2011)…………1

*Pilitz v. Inc. Vill. of Freeport*, 2011 WL 5825138, at *6 (E.D.N.Y. Nov. 17, 2011)…………….2


STATUTES

C.P.L.R. § 6212(e)……….. ………..………..………..………..………..………..………..……1

I.      INTRODUCTION

As outlined in Plaintiff Winklevoss Capital Fund's ("WCF") opposition to Shrem's motion for attorney fees and costs, Dkt. No. 83, Shrem is not entitled to fees because he is not a prevailing party. This sur-reply only addresses the reasonableness of Shrem's billing records.

Shrem's billing records make clear that Shrem's request for $76,148 in attorneys' fees and 154 hours of time seeks recovery for all work performed by his attorneys between the time he received the summons and complaint (contemporaneous with service on Shrem of the ex parte order of attachment) and the time this Court held a hearing on WCF's motion to confirm. This is improper as he is limited to fees that are the "natural and proximate" consequence of attachment.

In addition to moving for improper fees, Baker Marquart's records are "block-billed" — day-to-day there is no accounting for time divided between tasks. It is impossible for WCF to evaluate what time was spent on attachment and what time was spent on other issues. If fees are awarded, a 66.67% reduction as requested in WCF's opposition is therefore appropriate.

II.     Legal standard

Reasonable attorneys fees may be awarded that are "sustained by reason of… attachment." C.P.L.R. § 6212(e). This is not carte blanche to recover fees not proximately caused by attachment. "Such fees, to be recoverable, must… be the natural and proximate consequence of the wrongful attachment." *A. C. Israel Commodity Co. v. Banco Do Brasil, S.A.*, 270 N.Y.S.2d 283, 286 (Sup. Ct. 1966). Fees must be "caused" and "induced" by attachment. *Id.* at 287.

Where a party submits "block billed" time, i.e. the "lumping together of discrete tasks," it "makes it difficult for the court to allocate time to individual activities in order to gauge the reasonableness of time expended on each activity." *Penberg v. Healthbridge Mgmt.,* 2011 WL 1100103, at *9 (E.D.N.Y. Mar. 22, 2011)

1

. In such circumstances, "courts have used percentage reductions as a practical means of trimming fat from a fee application." *Pilitz v. Inc. Vill. of Freeport*, 2011 WL 5825138, at *6 (E.D.N.Y. Nov. 17, 2011) (internal citation omitted).

### III.   Argument

Shrem is improperly requesting reimbursement for fees not proximately caused by attachment. He instead seeks to recover fees for general litigation, including time spent to analyze and respond to WCF's meritorious complaint. These fees would have been incurred regardless of whether there was an attachment. The natural and proximate cause of much of Shrem's fees flowed from receipt of a summons and complaint, not attachment.

Baker Marquart's time entries make this clear. Many entries from 10/28-11/1 have nothing to do with attachment. The entries from 10/28 do not even mention "attachment." Instead, they reflect case evaluation work that attorneys always perform in a new case: legal research, client calls, and team discussions. The entries on 10/29 reflect similar work. On that day, there are three entries for "review complaint" in addition to other generic work such as "client call," "legal research," "check docket," "review documents," and "strategize." The 10/29 entries include only one reference to attachment, an entry of unspecified duration in TLH's time for "review attachment order." 10/30 is similar — there are entries for "check docket," "call with opposing counsel," "review documents," "review judge's chamber rules," as well as entries for generic team strategy sessions and emails to client. These are in contrast to entries that are more obviously related to the attachment, such as "research undertaking," "research time to confirm attachment order," and "opposition to motion to confirm." 10/31 contains a similar mix: entries for "check docket," team strategy sessions and emails to client alongside entries such as "legal

research re opposition to motion to confirm." As the entries approach 11/8, the records reflect more entries spent solely on the attachment, but there entries for generic legal work throughout.[1]

Additional work clearly had nothing to do with attachment. On November 6, DRP bills time for "telephone conf. with S. Ferguson re meet-and-confer on case schedule plan." That entry relates to negotiation the joint discovery plan, not attachment. Ferguson Declaration, Ex. 1.

There are also numerous entries for communications with John Doe's counsel.[2] Some portion of these communications was not proximately caused by attachment. Rather, they related to John Doe's request for anonymity. Further, it is doubly improper for Shrem to claim hours for any work related to protecting John Doe's identity as the Court determined that Shrem improperly redacted John Doe's name from his original filing in opposition to WCF's motion to confirm. Ferguson Declaration, Ex. 2; 11/6/12 Minute Entry. Only after appearance by John Doe's counsel did the Court determine it was proper to redact his name.

Because Shrem's bills are "block-billed," it is impossible for WCF to attribute an amount of time that is directly attributable to the activities outlined above that had nothing to do with the attachment. Thus, an across-the-board percentage reduction is proper.

## IV.   CONCLUSION

As outlined in WCF's opposition to Shrem's motion for attorneys fees, Shrem is not entitled to fees. In the event the Court does award such fees, an across the board reduction of 66.67% is proper owing to excessive rates and excessive hours claimed by Shrem.

---

[1] These include yet another entry for "review complaint" (DRP on 11/1), "review local rules re formatting of briefs" (BSI on 11/2), "review emails" and "legal research" (DRP on 11/3), and "strategize with litigation team" (BEK on 11/4), to name just a few.

[2] See entries of TLH on 10/31, TLH on 11/1, DRP on 11/1, BEK on 11/1, TLH on 11/2, BEK on 11/2, BEK on 11/5, BEK on 11/6, TLH on 11/7.

3

DATED: January 30, 2019             Respectfully submitted,


                                    By:     /s/ Tyler Meade

                                    Tyler Meade
                                    Sam Ferguson (pro hac vice)
                                    Seena Forouzan (pro hac vice)
                                    THE MEADE FIRM p.c.
                                    12 Funston Ave., Suite A
                                    San Francisco, CA 94129
                                    Telephone: (415) 724-9600
                                    tyler@meadefirm.com
                                    sam@meadefirm.com
                                    seena@meadefirm.com
                                    *Attorneys for Plaintiffs*